[Civil No. 220.   July 30, 1888.]

[S. C. 19 Pac. 4.]

THE UNITED STATES OF AMERICA, Plaintiff and Appellant, v. HENRY L. HART, et al., Defendants and Appellees.

1. SET-OFF AND COUNTERCLAIM—SUITS BY UNITED STATES—REV. ST. U. S. 1878, SEC. 951, CONSTRUED—EVIDENCE.—In a suit by the United States against an individual under Sec. 951, *supra,* a claim for credit, submitted to the accounting officers of the treasury and disallowed in whole or in part may be pleaded as a counterclaim. Under this section legal evidence to prove the claims is admissible. By Sec. 886, Rev. St. U. S. 1878, authenticated transcripts are properly received as evidence.

2. SAME—SAME—WHAT CONSTITUTES PROPER SET-OFF—REJECTION OF CLAIM—ACCOUNTING OFFICERS—ACTION OF BUT PRIMA FACIE EVIDENCE.—The purchase of supplies by order of the commissioners of Indian Affairs and the performance of certain services and the incurring of certain expenses, all in a proper account, with vouchers presented to and rejected in whole or in part by the proper accounting officers, is a proper set-off in a suit by the government. The action of the accounting officers is only *prima facie* evidence, and not final.

APPEAL from a Judgment of the District Court of the First Judicial District in and for the County of Pima. Wm. H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Owen T. Rouse, U. S. District Attorney, for the United States.

Haynes, Jeffords & Franklin, and Hereford & Lovell, for Appellees.

WRIGHT, C. J.—This suit was brought to recover from the defendants the sum of $4,016.02, the amount found due the government from the defendant Henry L. Hart, as Indian agent at San Carlos, upon the adjustment of his accounts by the proper officers of the treasury department. The other defendants are the sureties on his official bond. The complaint seems to have been in the usual form. The answer, after a general denial, alleges in its third count, as a set-off against the demand of plaintiff, certain credits claimed to be due from the government to said defendant Hart, as such Indian agent, the vouchers for which credits had been duly presented to the proper accounting officers of the treasury department, and by them disallowed in whole or in part. The plaintiff demurred to this count of defendant's answer, and for grounds of demurrer alleged "(1) that the allegations are not sufficient to constitute a defense; (2) that the statements in said count do not constitute an offset; (3) that said count is indefinite and uncertain; (4) that it does not state facts sufficient to constitute a defense." The court overruled the demurrer, and admitted evidence to prove these credits, which had been so disallowed in whole or in part, were just, and should be allowed against the claim of the government. To the action of the court in overruling the demurrer, and in admitting evidence touching these rejected vouchers, the plaintiff duly excepted, and, alleging that this was error on the part of the *nisi prius* judge, relies upon these grounds for reversal of the judgment.

It is difficult to see upon what theory the position of the learned counsel for the plaintiff is tenable. In the light of chapter 20 of the act of March 3, 1797 (see section 951, Rev. St. U. S.,) and the repeated decisions of the United States supreme court relating thereto, it would seem that this was no

longer an open question. The first part of said section reads as follows: "In suits brought by the United States against individuals, no claim for a credit shall be admitted upon trial, except such as appears to have been submitted to the accounting officers of the treasury for their examination, and to have been by them disallowed in whole or in part." No question is raised as to the truth of the averments in defendant's answer, and the credits in question were claimed to be due from the government to the defendant Hart, the vouchers for which had been presented to the proper accounting officers of the treasury, and had been by them disallowed in whole or in part. If this were so, were not these claims, thus rejected in whole or in part by said accounting officers, admissible in evidence on the trial below, by virtue of the provisions of said section 951 of the United States Revised Statutes? And, if they were thus admissible, does it not logically and legally follow that legal evidence tending to prove that they were just and equitable was also admissible? To say that the claim itself was admissible by virtue of section 951, but that evidence to establish the claim was not admissible, would be absurd. What congress meant was simply that no evidence to prove a claim for credit should be admitted at the trial, in suits between the government and individuals, unless it first be shown that such claim had been duly presented to the proper accounting officers of the treasury department, and has been by them in whole or in part disallowed. That was the case here. But the learned counsel for plaintiff claims that the vouchers themselves should have been introduced. That was unnecessary, as by section 866 of the United States Revised Statutes it is provided that a transcript of the books and proceedings of the treasury department, when properly authenticated, shall be admissible in evidence, that properly authenticated copies of all papers, etc., should have the same force and effect as the originals would have; the intention of congress being manifest to do away with the trouble, risk, and expense of procuring the originals, by making duly authenticated transcripts and copies thereof equal in dignity and import to the originals themselves. The

admission of the transcript from the treasury department, duly authenticated, showing that the vouchers for the claims set up by Hart had been presented to the proper accounting officers, and disallowed, we think was sufficient to authorize evidence to establish them.

It is claimed, however, that the matters set up in the answer do not constitute a set-off. It was alleged in the answer that the defendant Hart had bought certain supplies by order of the commissioner of Indian affairs; that by order of the same officer, he had bought certain cattle at a certain cost, and other supplies, and that he had performed certain services, and incurred certain expenses; and all, in a proper account, with the vouchers for each item, had been presented to the proper accounting officers, and rejected in whole or in part. We think this did constitute a set-off. In the case of *U. S.* v. *Wilkins*, 6 Wheat. 136, Mr. Justice Story says: "There being no limitation as to the nature and origin of the claim for credit which may be set up in this suit, we think it is a reasonable construction of the act [act March 3, 1797, see *supra*,] that it intended to allow the defendant the full benefit, at the trial, of any credit, whether arising out of the particular transaction for which he was sued, or out of any distinct and independent transaction which would constitute a legal or equitable set-off, in whole or in part, of the debt sued for by the United States." The object of the act seems to be to liquidate and adjust all accounts between the parties, and require a judgment for such sum only as the defendant, in equity and justice, should be proved to owe to the United States. Now, it is true that set-off did not exist at common law, and that it had its origin in St. 2 Geo. II.; but always after that act mutual debts and claims between plaintiff and defendant could be set-off, the one against the other, and the only limitation to the right of set-off in suits between the government and individuals, in this country, is that the claims of the individual must be first duly presented to the proper accounting officers of the treasury department, and by them in whole or in part disallowed. The rulings of the supreme court of the United States have been uniformly in accord-

ance with this view. In the case of *Watkins* v. *U. S.*, 9 Wall. 759, a case relied on by the learned counsel for plaintiff, Mr. Justice Clifford says: "Whether the claim is a legal or equitable claim, if it has been duly presented to the accounting officers, and has been by them disallowed, it is the proper subject of set-off under that act; but it cannot be adjudicated in a federal court unless it has been presented and disallowed. The rejection of such claim by the accounting officers constitutes no objection to it as a claim for set-off." It is to be observed that "questions of set-off in the federal courts arise exclusively under the acts of congress, and no local law or usage can have any influence in their determination." Thus we see the action of the accounting officers is not final and conclusive, at least so far as the defendant is concerned. Is this not in harmony with the just and liberal spirit of our free institutions? It is fair to presume that the citizen is not present when the accounting officers pass upon his claim for credit. No one can imagine those officers to be less than fair and impartial. But they cannot know the peculiar circumstances that often surround the officer whose accounts they adjust; neither can they often know fully all the facts upon which these accounts are based. Therefore to hold that the action of these accounting officers is final and conclusive upon the defendant would often be to deprive him of most essential rights, and to withhold from him that measure of equity and fairness which a just government always yields to its citizens. Hence the action of these accounting officers is at most only *prima facie* evidence, and not final and ultimate. See *U. S.* v. *Gaussen,* 19 Wall. 198; *U. S.* v. *Eckford,* 6 Wall. 484; *U. S.* v. *Wilkins,* 6 Wheat. 138; *Watkins* v. *U. S.,* 9 Wall. 759; *Bruce* v. *U. S.,* 17 How. 437; *U. S.* v. *Jones,* 8 Pet. 384. In the latter case, Mr. Justice McLean, speaking for the supreme court of the United States, said: "The accounting officers of the treasury department act upon these accounts, and give the credits, as entered, their official sanction. The vouchers of an individual are all submitted to these officers, and their decision has always been considered as conclusive upon the government, but not

so as against the individual.'' We do not think the court below erred in its rulings. It is therefore ordered that its judgment be affirmed.

Porter and Barnes, JJ., concur.