LINCOLN SAV. BANK & SAFE-DEPOSIT CO. v. ALLEN et al.

(Circuit Court of Appeals, Eighth Circuit. August 2, 1897.)

No. 769.

1. APPEAL—REVIEW—ASSIGNMENTS OF ERROR.
Assignments of error relating to the admission of evidence will not be considered where they do not quote the full substance of the evidence admitted, and the brief of plaintiff in error does not point out the pages of the record containing such evidence and the exceptions to its admission.

2. SAME—INSUFFICIENCY OF PRINTED RECORD.
Where the parts of the record designated by the plaintiff in error as necessary to a consideration of the errors assigned and printed by the clerk, under rule 23 of the court (21 C. C. A. xcviii., 78 Fed. xcviii.), do not contain all of the evidence, nor a bill of exceptions, the court of appeals cannot review rulings of the trial court on motions or requests to charge, challenging the sufficiency of the evidence, nor errors assigned on the charge of the court.

3. ASSIGNMENT OF ERRORS—BILL OF EXCEPTIONS.
A statement by counsel, in their assignment of errors, of occurrences and rulings at a trial, is insufficient to warrant a reversal of a judgment. The evidence, rulings, and instructions upon which reliance is placed for a reversal must be embodied in a bill of exceptions before a federal appellate court can consider them.

4. CONTRACT—AGREEMENT TO ACCEPT NOTES IN PAYMENT—CONSIDERATION.
An agreement by a creditor, holding notes as collateral, to accept in payment of the debt a specified sum of money and certain of the collateral notes, and to surrender the remaining collateral, is valid and enforceable, though the face value of the notes agreed to be taken, together with the cash payment, does not equal the debt.

5. SAME—DIVISIBILITY—AGREEMENT TO SURRENDER COLLATERAL.
An agreement by a creditor, holding collateral security, to accept a certain payment in full satisfaction, and to surrender the collateral, is divisible, and, though the agreement for composition may be void, that to surrender the collateral may be enforced on performance by the debtor.

6. CONVERSION — REFUSAL TO SURRENDER PLEDGE — TRANSFER OF TITLE BY PLEDGOR.
A debtor, having a right to the return of collateral notes held by his creditor, after demand and refusal, may, at his option, maintain replevin for them, or sue for their conversion; and, before he has exercised such option, he may transfer title to another, who after demand has the same option.

In Error to the Circuit Court of the United States for the District of Nebraska.

W. A. Selleck (N. C. Abbott, A. W. Lane, L. C. Burr, and Addison S. Tibbets, on the brief), for plaintiff in error.

Walter J. Lamb, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The record in this case is insufficient to warrant a reversal of the judgment below on account of any of the alleged errors assigned. This was an action for the conversion of certain promissory notes, in which the defendants in error alleged that they had a special property. The defense was that the plaintiff in error was the owner of these notes at the time of the alleged conversion, and that the defendants in error had no title or interest in them. There was a verdict and a judgment for the defendants in error. Thirty-six errors were assigned, but counsel for the plaintiff in error

have selected twenty, upon which they say they rely. We shall consider these only.

The first five of these alleged errors are not presented in the brief of the plaintiff in error in the manner prescribed by Rule 24 of this court. 21 C. C. A. xcix., 78 Fed. xcix. They relate to the admission of evidence, and they do not quote the full substance of the evidence admitted. Nor does the brief contain any reference to the pages of the record where any of this evidence, or any exception to its admission, is to be found. Since counsel for the plaintiff in error did not consider their claims relative to these alleged errors of sufficient importance to warrant them in pointing them out in the record, we will not search for them. City of Lincoln v. Sun Vapor Street-Light Co., 19 U. S. App. 431, 8 C. C. A. 253, 59 Fed. 756.

Two of the errors alleged are: (1) That the court overruled the motion of the plaintiff in error, at the close of the testimony of the defendants in error, to dismiss the case because the defendants in error had failed to show that they were the owners of the notes; and (2) that the court refused to instruct the jury, at the close of all the evidence, that the defendants in error could not recover in the action because there was no evidence in the record that they were the owners of the notes. Rule 23 of this court provides:

"The plaintiff in error or appellant may, within twenty days after the allowance of any writ of error or appeal, serve on the adverse party a copy of a statement of the parts of the record which he thinks necessary for the consideration of the errors assigned, and file the same, with proof of service thereof, with the clerk of this court; the adverse party, within twenty days thereafter, may designate in writing and file with the clerk additional parts of the record which he thinks material, and, if he shall not do so, he shall be held to have consented to a hearing on the parts designated by the plaintiff in error or appellant. If the parts of the record shall be so designated by one or both of the parties, the clerk shall print those parts only; and the court will consider nothing but those parts of the record in determining the questions raised by the errors assigned." 21 C. C. A. xcviii., 78 Fed. xcviii.

The plaintiff in error designated the parts of the record which it thought necessary for the consideration of the errors assigned in this case, and they were printed by the clerk under this rule. This court will consider nothing but those parts of the record in determining this case. This printed record does not contain all the evidence that was presented to the court below, nor does it contain any bill of exceptions whatever, if there ever was one. It contains nothing relating to the proceedings at the trial but fragmentary excerpts from the testimony of some witnesses and a few exhibits. After a trial court has submitted a case to the jury, the burden of proof to show that there was no evidence to warrant that course is on him who asserts it. If he would maintain his claim, he must present all the evidence to the appellate court, in order that that court may see for itself what the evidence was. If he fails to do so, he cannot prevail upon that issue. Railway Co. v. Washington, 4 U. S. App. 121, 127, 131, 1 C. C. A. 286, 289, 292, 49 Fed. 347, 350, 353; Railway Co. v. Harris, 27 U. S. App. 450, 457, 12 C. C. A. 598, 603, 63 Fed. 800, 805; U. S. v. Patrick, 36 U. S. App. 645, 20 C. C. A. 11, 18, 73 Fed. 800, 806.

Twelve of the remaining errors are that certain paragraphs of the

charge of the court, which appear to have been wrested from their connection, and quoted in the assignment of errors, and which relate almost entirely to the effect of the evidence which had been produced in the case, are erroneous. But the evidence which was before the trial court has not been presented to us, and the presumption is that there was evidence which warranted the charge. There is no bill of exceptions and no copy of the charge of the court in the printed record. There is nothing in it to show that the paragraphs quoted in the assignment of errors were ever given to the jury by the court, or that any exception was ever taken to any of them by the plaintiff in error. The only information we have upon this subject is contained in the statement which precedes each paragraph in the assignment of errors, and is in these words: "The court erred in giving the following instruction, to the giving of which the defendant duly excepted at the time." But the assertion of the defeated party in his assignment of errors, either that the court erred, or that it gave any instruction, or that the plaintiff in error excepted to that instruction, is insufficient, without more, to warrant an appellate court in reversing a judgment. The facts that portions of the charge challenged were given, and that exceptions were taken to them, must be established by a bill of exceptions, settled and signed in accordance with the act of the congress of the United States, before a federal court can find the errors and reverse the judgment. Rev. St. § 953; Clune v. U. S., 159 U. S. 590, 16 Sup. Ct. 125; Blake v. U. S., 18 C. C. A. 117, 71 Fed. 286; Mussina v. Cavazos, 6 Wall. 355, 363; Origet v. U. S., 125 U. S. 240, 8 Sup. Ct. 846. We cannot reverse this judgment on the ground that these alleged errors in the charge of the court exist (1) because there may have been evidence which warranted them, and all the evidence is not presented to us, so that we can see that it was insufficient; (2) because it does not appear from the record that any of the challenged paragraphs were given to the jury by the court; and (3) because it does not appear that any exception was taken to any of them if they were given.

The remaining error assigned is that the court refused to give an instruction which was requested by the defendant. But that instruction relates to the effect of the evidence in the case, and, in the absence of any proof by a bill of exceptions that all the evidence is before us, and that the plaintiff in error excepted to that refusal, there is nothing here for our consideration. The judgment below must accordingly be affirmed.

While the judgment below must be affirmed for the reasons we have stated, we may add that we have carefully read and re-read the briefs of counsel in this case, and we are satisfied that we should not reach a different result if we should assume that the circuit court instructed and refused to instruct the jury as the counsel for the plaintiff in error allege. The facts of the case, which are admitted by counsel for both parties (and we could consider no others, in any event, in the absence of a certificate that all the evidence is before us), were these: F. W. Sears owed the plaintiff in error about $2,700, and he had pledged the promissory notes for the conversion of which this action was brought and two notes of one Shovelin, upon which there

was from $320 to $500 due, to secure his debt.   The plaintiff in error was notified that friends of Sears in Wisconsin, the defendants in error, would loan him money to pay a part of this debt, in consideration that the notes on which this action is based should be released by it, and transferred to them as collateral security for their loan.   The bank urged Sears to obtain this loan on these terms, and agreed that, if he would get $1,500 from these friends, and pay it to the bank, and if he would give it in addition the two Shovelin notes, it would release its claim upon the collaterals in suit, and would accept the $1,500 and the Shovelin notes as full payment of his debt.   He obtained the loan of the defendants in error, paid the $1,500 to the bank, and assigned to it the Shovelin notes, and thereupon the bank refused to release the collaterals, upon the security of which Sears had borrowed the money of the defendants in error, and declined to satisfy the debt of Sears. The money was paid, and the two Shovelin notes were transferred to the bank on February 20, 1895, and on the same day Sears demanded the other collateral notes, and the bank refused to deliver them until the balance of his debt was paid.   On the next day the defendants in error demanded them, and, upon the bank's refusal to deliver them, they brought this action for their conversion.   The bank took the position that its contract was a mere agreement that a partial payment should be a payment in full, and insisted that it could hold all its collaterals, and collect the balance of Sears' debt, notwithstanding its agreement to surrender the other collaterals.   If, as counsel assert, the court below charged the jury that this was a mistake on the part of the bank, and said: "Now, you see the bank got there something that they did not originally contract to get, that is no part of the original contract; they were simply to have the amount of the money due in money; instead of that, now by this new contract they got $1,500, and got these notes,"—it did no more than to announce a rule of law that has been unquestioned since the foundation of the republic. While an agreement between a creditor and his debtor to accept the payment of less than the full amount due him in satisfaction of an ascertained debt is not legally binding upon the creditor, because it is without consideration (Pinnel's Case, 5 Coke, 117; Cumber v. Wane, 1 Strange, 426; Foakes v. Beer, 9 App. Cas. 605), yet a contract to accept the note of a third person for a greater or less amount than the face of the debt, or to accept any consideration other than current funds in satisfaction of the debt, constitutes a valid and enforceable contract (Jaffray v. Davis [N. Y. App.] 26 N. E. 351, 352; Le Page v. McCrea, 1 Wend. 164; Goddard v. O'Brien, 9 Q. B. Div. 37, 21 Am. Law Reg. [N. S.] 637, and notes; Boyd v. Hitchcock, 20 Johns. 76; Bull v. Bull, 43 Conn. 455; Fisher v. May, 2 Bibb, 448; Reed v. Bartlett, 19 Pick. 273; Bank v. Geary, 5 Pet. 99, 114; Brooks v. White, 2 Metc. [Mass.] 283; Jones v. Perkins, 29 Miss. 139, 141; Hall v. Smith, 15 Iowa, 584; Babcock v. Hawkins, 23 Vt. 561).

If the circuit court refused to instruct the jury that the agreement between Sears and the bank, as shown by the evidence, with reference to the Shovelin notes, amounted in law to a contract that these notes should be taken as cash at their face value, which was $320, and that in that way the agreement of the bank in fact was to accept

$1,820 for a debt of $2,700, we cannot say that its refusal was error, because there is no certificate in the case that all the evidence, or that all the evidence relative to the contract about the Shovelin notes, is before us, and we cannot know what the contract, as shown by that evidence, was. The presumption is, however, in the absence of countervailing proof, that the evidence was such that the court's refusal was right. U. S. v. Patrick, 36 U. S. App. 645, 20 C. C. A. 11, 18, 73 Fed. 800, 806. If, as counsel for plaintiff in error allege, the court charged the jury that, whatever the effect of the contract between Sears and the bank was upon his debt, the plaintiff in error did agree to surrender the collaterals on which this action was founded for the $1,500 and the two Shovelin notes, that it received the consideration for this contract, and was bound by it, and that its effect was the real question in the case, it made no mistake. There is no rule of law or of morals which forbids a debtor to make a contract with his creditor for the release of collaterals which he has pledged to secure his debt, and no reason occurs to us why a creditor who has received the full consideration for such a contract should be released from his obligation to perform it. The pledge of collaterals is a contract that the creditor may hold them as security for the debt, and, if the debtor fails to pay it, that then the creditor may sell them, and apply the proceeds, less the expenses of the sale, to the payment of the debt, and return the surplus, if any, to the debtor. An agreement between the creditor and his debtor that the former will surrender one or more of the collateral notes pledged to secure the debt in consideration of a present payment thereon constitutes a valid contract. Such an agreement is not without consideration, even though the principal debt is due, and it is the duty of the debtor to pay it. There is a sufficient consideration to support the contract in the fact that it relieves the creditor of the expense and trouble of a sale of the collaterals under the pledge, and converts them at once into money applicable to the payment of the debt. Nor can a creditor successfully repudiate such a contract, after he has received the consideration for it, on the ground that he also agreed, for the same consideration, and is morally, but not legally, bound, to satisfy the principal debt. It is no defense to a legal obligation that the obligor repudiates his moral obligations whenever they lack the binding force of legal contracts. The bank received the entire consideration for its two covenants,—the covenant to surrender the collaterals and the covenant to satisfy the principal debt. There was nothing immoral or illegal in either of these promises, or in the consideration which it received for them. If the former was valid, and the latter was void, so that it could not be enforced, that was the loss of Sears and the defendants in error. The bank could lose nothing from it. Its only effect on the plaintiff in error was to enable it to obtain the $1,500 and the Shovelin notes for a less price than it promised to pay for them. Nor was the contract indivisible. The valid covenant was separable from the void one, and could be fully and conveniently enforced without it. It is the settled and the just rule of the law that the valid covenants of a divisible contract which contains both valid and void stipulations may be enforced, if the consideration is tainted with no immorality or illegality.

Navigation Co. v. Winsor, 20 Wall. 64, 70; Illinois Trust & Sav. Bank v. Arkansas City, 40 U. S. App. 257, 22 C. C. A. 171, 180, 76 Fed. 271, 280; Western Union Tel. Co. v. Burlington & S. W. Ry. Co., 11 Fed. 1, 4, and cases cited in the note at page 12. If Sears demanded these collaterals after he had paid the $1,500 and transferred the Shovelin notes to the bank, and the latter refused to deliver them, Sears had the option to recover the collateral notes by an action of replevin, or to sue the bank for their conversion. If, before he exercised his option and sued for the conversion, he transferred his title to the defendants in error, they immediately became vested with his right to the possession of the notes, and if on the next day they demanded them, and the bank refused to surrender them, they then had the option to replevy them, or to sue for their conversion, as they have done in this case. The demand made by Sears was no bar to the maintenance of this action by the defendants in error.

If the court charged the jury, as counsel for the bank allege, that the question whether or not the defendants in error were entitled to the collateral notes in suit as between them and Sears was an issue for the jury to determine under the evidence, and that, if the defendants in error were entitled to them, it became the duty of the bank to deliver them over after it received the agreed consideration for their surrender, the presumption is that the evidence before the court below warranted this charge, and we cannot review it, in the absence of a certificate that all the evidence upon these questions is before us. And, finally, if the circuit court told the jury that the verdict in this case would not affect the liability of Sears to the bank, because he was not a party to this action, it told them the truth. The judgment must be affirmed, with costs, and it is so ordered.