YATES et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1898.)

No. 432.

1. SUITS BY UNITED STATES—EVIDENCE OF CREDITS—PROOF OF PRESENTATION OF CLAIM.
   Under Rev. St. § 951, to render admissible evidence of a credit in a suit by the United States against an officer, unless brought within the exceptions therein stated, evidence in some form from the books of the treasury, showing that the claim, accompanied by the proper vouchers, has been presented to the accounting officers, is indispensable, and proof of such presentation cannot be made by parol.

2. SAME—SET-OFF—PROOF OF DISALLOWANCE.
   In such suit any credit claimed by defendant, legal or equitable, whether arising out of the transaction sued on or not, may be allowed as a set-off; but to authorize the court to admit evidence of such claim it must be shown that it has been presented to the accounting officers of the treasury and disallowed, and, while no particular form of disallowance is essential, mere suspension of action is not a disallowance.

3. TRIAL—EXCEPTIONS TO INSTRUCTIONS—TIME FOR TAKING.
   The correctness of instructions given or refused cannot be considered by an appellate court unless exception to the action of the trial court was taken before the jury retired.

4. REVIEW—INSTRUCTIONS—SUFFICIENCY OF RECORD.
   A charge given by the court is presumed to have been applicable to the case made by the evidence, and cannot be reviewed unless the plaintiff in error presents to the appellate court all of the evidence, or all of that portion bearing on the point in controversy, with a statement in the bill of exceptions showing such fact.

In Error to the Circuit Court of the United States for the Northern District of California.

Barclay Henley and S. V. Costello, for plaintiffs in error.
Samuel Knight, Ass't U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is an action against C. H. Yates, as United States Indian agent at Round Valley Indian Agency in California, and the sureties upon his official bond, to recover the sum of $3,390.15. The case was tried before a jury, and resulted in a judgment being entered in favor of the United States for the sum of $967.45. In the assignment of errors, it is claimed that the court erred "(1) in rejecting the testimony supporting and disallowing the item of $80 paid to Lillenthal & Co. for coal in the second quarter of 1890; (2) in rejecting the testimony in support of and disallowing the item of $75 paid Thomas A. Cox & Co. for seeds purchased in the third quarter of 1890; (3) in disallowing the item, and the testimony in support thereof, of $117.35 for services and expenses rendered and incurred by said defendant Yates in month of July, 1890, in traveling from the Round Valley Indian reservation in Mendocino county to a certain point in Shasta county,—all being done under the orders of the commissioner of Indian affairs issued to said Yates under date of June 12, 1889." There are a great number of other items in the assignments of errors, but the above are the only ones relied upon by the plaintiffs in error. From the bill of exceptions it appears that the case was regularly called for trial and a jury was impaneled on February 9, 1897; but, for reasons hereinafter stated, that jury was dismissed, and the case was tried before another jury on June 1, 1897.

The item of $80 for coal had not been allowed by the accounting officers of the treasury department for the reason that "no vouchers are furnished in support of disbursements claimed; no evidence of payment has been furnished." In respect to this account the following testimony was given by Mr. Yates:

"Q. Mr. Henley: What have you to say about this item of $80? A. I have a copy of the authorizing letter and Mr. Lillenthal's receipt. The Court: Where is the evidence that it was transmitted to Washington? A. I forwarded this bill that he sent me with my quarterly report to Washington. It probably could not be found. I have the authorizing letter for the purchase, and Mr. Lillenthal's receipt for the money. Mr. Henley: For $80? A. Yes. Mr. Henley: We think that ought to be permitted to go to the jury. The Court: This case was continued for the very purpose of allowing Mr. Yates to employ some one to go to the treasury department, and get a transcript that would show that these vouchers had been presented, or rejected, or disallowed. I cannot permit this to go to the jury, and I shall have to sustain the objection to it."

The item of $75 paid Cox & Co. for seeds was not allowed by the accounting officers of the treasury department because the "agent presents no receipt for alleged disbursement; no evidence of payment of $75 furnished." In relation to this account Yates testified:

"I know I paid it at the time, and got a duplicate receipt, which I have here now. Mr. Knight: I object to that. Q. Has that ever been presented to the department? A. The original has. Q. Is there any evidence in this account that it has been so presented? A. Not that I know of. * * * The Court: I shall have to rule that out."

Section 951 of the Revised Statutes provides that:

"In suits brought by the United States against individuals no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the accounting officers of the treasury, for their examination,

and to have been by them disallowed, in whole or in part, unless it is proved to the satisfaction of the court that the defendant is, at the time of the trial, in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States or by some unavoidable accident."

In U. S. v. Gilmore, 7 Wall. 491, the defendant was a receiver of public moneys, and upon the trial claimed a credit for the hire of certain clerks employed by him as such depositary, and offered proof in support of the demand. The attorney of the United States objected to the admission of the evidence upon the ground that it must first be shown that the claim had been exhibited to the proper accounting officer of the treasury and disallowed, and that the exhibition and disallowance could be proven only by the certificate of such officer. The trial court stated that it would permit the evidence, and control the matter by instructions to the jury. Gilmore then testified that he "presented these claims to the accounting officer, and they were disallowed." The supreme court, after referring to the provisions of the statute above quoted, said:

"If the claims were not presented until after the account was closed upon the books of the treasury, still it was necessary to submit them for examination to both those officers [auditor and first comptroller]. The action of both was necessary. A transcript showing that action would have been sufficient. Parol evidence in such cases is wholly inadmissible. Evidence from the books of the treasury in some form is indispensable. * * * The court should not have permitted any proof of the claims to be given until the proper foundation for it had been laid. When the defendants failed to produce the evidence necessary to warrant the introduction of such testimony, all which had been given should have been excluded, and the claims withdrawn from the consideration of the jury. To allow them to remain in the case was an error, and any instruction given afterwards, short of their withdrawal, was unavailing to cure it. The course proposed to be pursued when the objection by the district attorney was taken could hardly fail, under any circumstances, to mislead and confuse, and to prevent the proper trial of the cause. * * * Whether the testimony in support of the claim was properly in the case was a question for the court, and not for the jury."

U. S. v. Giles, 9 Cranch, 212, 237; Watkins v. U. S., 9 Wall. 759, 764; Halliburton v. U. S., 13 Wall. 63, 65; Railroad Co. v. U. S., 101 U. S. 543, 548; U. S. v. Fletcher, 147 U. S. 664, 667, 13 Sup. Ct. 434; Alexander v. U. S., 6 C. C. A. 602, 57 Fed. 828, 832; U. S. v. Patrick, 20 C. C. A. 11, 73 Fed. 800, 805; U. S. v. North American Commercial Co., 74 Fed. 146, 152; U. S. v. Smith, 1 Bond, 68, Fed. Cas. No. 16,321; U. S. v. Duval, Gilp. 356, Fed. Cas. No. 15,015.

No evidence was presented by the defendants which brought either of these items within the exceptions mentioned in the statute. The court did not err in its rulings in reference to these accounts.

The record in relation to the account of $117.35, which was set up as a counterclaim to this action, is presented in such a confusing and unsatisfactory manner as to make it impossible to determine whether the account has been allowed by the government or not. The record shows that the government, in making out its case, introduced the transcript of accounts of defendant Yates as Indian agent, showing upon their face a balance due the government of $3,390.15. But the transcripts of accounts are not embodied in the record, and there is nothing presented which shows what specific

accounts had been allowed by the accounting officers of the treasury. In the counterclaim set up by the defendant Yates there was a claim for an allowance against the government for $160.15 for traveling expenses, consisting of two items,—one of $117.35 and one of $42.80. The bill of exceptions states that the documentary evidence introduced by the plaintiff showed that the only credit claimed by the defendant Yates as traveling expenses, disallowed by the accounting officers of the treasury department, and not allowed or found for the defendant, was an item of $40.25. The statement of differences with reference to this item is as follows:

"This trip was made from agency to San Francisco, February 27 to March 10, 1887, to make new bond and deposit balance. The making of a new bond being a matter personal with the agent, the expenses attending it are not properly chargeable to the United States, and, there being no authority or necessity to make a trip to San Francisco to deposit funds, the amount is disallowed."

This statement, without comment, clearly shows that the court did not err in excluding this item.

The plaintiffs in error introduced a letter from acting commissioner of Indian affairs, dated Washington, July 12, 1890, addressed to C. H. Yates, Ukiah, Cal., as follows:

"Replying to your letter of the 27th ult., in which you ask that certain traveling expenses, amounting to $160.15, incurred by you while agent at Round Valley agency, Cal., and which were approved by letters from this office of April 23 and May 29, 1890, be paid, you are informed that the money for these expenses cannot be placed to your credit, as you are no longer in service. You are advised to forward to this office the vouchers returned to you in the letters already quoted. When received, they will at once be forwarded to the accounting officer of the treasury, by whom payment will be made in the final settlement of your accounts.

"Respectfully,                        J. T. Morgan, Commissioner."

With reference to this claim, the following proceedings then took place, as shown by the bill of exceptions:

"The Court: You got credit for that? A. No, sir. Mr. Henley: He ought to have it. Mr. Knight: What is the amount? A. Mr. Henley: $160.15. The Court: It is allowed in the account. Mr. Henley: My impression is that there was another allowance in the account. * * * Mr. Henley: These two items ($117.35 and $42.80) are not allowed in the account, Mr. Yates? A. No, sir; that letter was received after I left the reservation."

Cross-examination: "Mr. Knight: What steps did you take to present your claim for traveling expenses set up in your counterclaim to the accounting officers at Washington? A. I forwarded the receipt for my expenses and a copy of the authorization for the trip I had made."

The witness further testified that his claims were forwarded to Washington before the letter of the acting commissioner, which is quoted above, had been sent; that the expenses were for a trip to Shasta county, as he was instructed to do; and stated that he had no evidence here of the fact that he sent on these vouchers by registered mail.

In the charge of the court to the jury, which was in all respects liberal to the defendants, some 20 or more items were specifically disallowed, including the item of $40.25 for traveling expenses in giving bond. The court, with reference to these items, said:

"The total amount of these items, as I have them here, is $942.86, for which there is no sufficient explanation or evidence sufficient to overcome the prima facie evidence of the transcripts. You will therefore find for the United States for this amount and interest, in any event. I now call your attention to certain items which are in dispute. You will add to this amount of $942.86, which has been proven as an indebtedness, the amount of such other items as you may find he has not accounted for."

The court then enumerated specifically 30 or more items. In this enumeration are only 2 items for traveling expenses, as follows:

"In the second quarter of 1890, two claims are made for traveling expenses, one being in the sum of $25.75, and the other for $49.50. It is claimed that these expenses have been allowed by the commissioner of Indian affairs, and should have been allowed by the accounting officers."

At the close of the charge the following colloquy occurred between counsel and the court:

"Mr. Henley: Your honor did not say anything about the counterclaim. The Court: The counterclaim consists of the traveling expenses, which I have allowed in full. Mr. Henley: It is not adverted to here,—only a small portion, which I can give to your honor. The Court: Traveling expenses, $40.25, for making a new bond, I do not allow, and have so instructed the jury. Mr. Henley: Then there is the amount of $117 and something. It is not in this statement of differences. The Court: In the statement of differences there is a charge of $25.75, and another of $49.50, making $75.25. I will leave it to the jury to determine whether the authorization you refer to covers those charges."

The court then read the letter of the commissioner, heretofore quoted, and said:

"I assume, Mr. Henley, that these charges for traveling expenses are the traveling expenses for which Mr. Yates has claimed credit. Mr. Henley: That is not so. I can show that to your honor in a moment. There are only two items of traveling expenses in this statement which have been disallowed. One of those items is embraced in the $160. The Court: There is one item of $40.25 for executing a bond which cannot be allowed. Mr. Henley: We are entitled to a credit of $117. There cannot be any dispute about that at all. It is not mentioned any place in this statement of differences. I set it up as a counterclaim. The justice of it is admitted there by the letters from the Indian commissioner. The Court: I cannot further consider that now. I will leave it to the jury. There is no such identification of the items as will authorize the court to entertain the amount you mention as a counterclaim. The letter was written after Yates went out of office. Mr. Henley: And which he wrote for after he got out of office, because he had finished up his business then, and received that letter from the department. All I want is the allowance which the department says he is entitled to. * * * The Court: The most I can do is to allow you voucher No. 4 for the first quarter, 1890, $25.75, and voucher No. 4 second quarter, 1889, for $49.50, to go to the jury with the letter of July 12th. * * * Mr. Knight: It is impossible to identify these items with the authorization, because the very fault the department finds is that there were no vouchers submitted. Mr. Henley: The letter says vouchers were submitted and receipt acknowledged. There it is in that letter. The Court: 'You are advised to forward to this office the vouchers.' * * * You can take an exception to the court's charge. I cannot delay the case."

There is no competent evidence in the record that any voucher was presented to the accounting officers, as requested by the letter of the commissioner. All presumptions are in favor of the judgment. In order to secure a reversal or modification of the judgment the plaintiffs in error must affirmatively show that the item of

$117.35 was disallowed, in whole or in part. This they have failed to do. The proper evidence to show that a claim has been disallowed by the accounting officer is by the transcript from the books of the treasury. No particular form is essential to the allowance or disallowance of a claim, but a mere suspension of action is not a disallowance. U. S. v. Fletcher, 147 U. S. 664, 667, 13 Sup. Ct. 434.

In Watkins v. U. S., 9 Wall. 759, 765, the court said:

"Whether the claim for credit is a legal or equitable claim, if it has been duly presented to the accounting officers, and has been by them disallowed, it is the proper subject of set-off under that act, but it cannot be adjudicated in a federal court unless it has been so presented and disallowed. U. S. v. Wilkins, 6 Wheat. 143. The rejection of such a claim by the accounting officers constitutes no objection to it as a claim for set-off, as it cannot be admitted in evidence unless it has been presented and disallowed, as required by the act of congress. U. S. v. Macdaniel, 7 Pet. 11; U. S. v. Ripley, Id. 25. Such claims as fall within that act are not specifically defined, and in view of that fact this court has held that the act intended to allow the defendant the full benefit at the trial of any credit, whether it arises out of the particular transaction for which he was sued or out of any distinct and independent transaction which would constitute a legal or equitable set-off, in whole or in part, of the debt for which he is sued, subject, of course, to the requirement of the act that the claim must have been presented to the proper accounting officers, and have been by them disallowed. U. S. v. Fillebrown, 7 Pet. 48."

See, also, U. S. v. Robeson, 9 Pet. 319, 324; Gratiot v. U. S., 15 Pet. 336, 371; U. S. v. Eckford, 6 Wall. 484, 491; U. S. v. Patrick, 20 C. C. A. 11, 73 Fed. 800, 807.

It is claimed that the court erred in failing to give certain instructions asked for by the plaintiffs in error; but it is not shown that any exceptions were taken thereto before the jury retired to deliberate upon their verdict, and, under the decisions of this court, we are not authorized to review the action of the court in this respect. Bank v. McGraw, 22 C. C. A. 622, 76 Fed. 930, 935, 936, and numerous authorities there cited; Telegraph Co. v. Baker, 29 C. C. A. 392, 85 Fed. 690.

With reference to the charge of the court to which an exception was allowed, the presumption is that it was applicable to the case presented by the evidence, unless there is something in the record to the contrary. The burden of proof to show error is upon the party who asserts it, and to maintain his position he must either present to the appellate court all of the evidence, so that the reviewing court can see for itself what the evidence was, or present in his bill of exceptions that portion of the evidence which bears upon the point in controversy, with a statement that no other evidence was submitted. As was said in U. S. v. Patrick, supra, "the plaintiffs in error have done neither." The judgment of the circuit court is affirmed, with costs.