### CAMP v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1924.)

No. 6343.

1. **Jury ⚖️116—That some jurors had heard testimony of principal witness in other case was not ground for quashing panel.**

The mere fact that some of the jurors had heard the principal witness for the government testify in the prosecution of another defendant for the violation of the same act based on a separate and distinct transaction was not ground for quashing the panel and discharging all the jurors.

2. **Jury ⚖️120—Presumed that witness will tell truth.**

Where some of the jurors had heard the witness on whose testimony the government relied for conviction testify in the prosecution of another defendant for the same crime, based on a separate and distinct transaction, it will be presumed, on motion to quash panel and discharge jurors, that such witness would testify to the truth, if she had never testified in the other case.

3. **Witnesses ⚖️35—Witness in prosecution of one defendant held not disqualified as witness in prosecution of other defendant for similar crime.**

A witness for the government in a prosecution for a violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), whose testimony was admitted to be true by the defendant in such case, was not by reason thereof disqualified as a witness in a prosecution of another defendant for the same crime, based on separate, distinct, and unrelated transactions at different times.

4. **Jury ⚖️95—Juror, who had heard testimony of witness in prosecution of another defendant, held not by reason thereof disqualified.**

A juror, who had heard a witness testify for the government in the prosecution of a defendant for a violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), whose testimony in such case the defendant therein admitted was true, was not disqualified as a juror in the prosecution of another defendant for a violation of the same act, in which the government relied on the testimony of the same witness for conviction, where the prosecutions related to different transactions.

5. **Criminal law ⚖️1129(3)—Assignment of error held insufficient for failure to quote full substance of evidence complained of.**

Assignment of error, "because the court erred in admitting in evidence, over the objection of defendant, certain incompetent, irrelevant, and immaterial testimony, which was prejudicial to the rights of this defendant," *held* insufficient for failure to quote the full substance of the evidence admitted, as required by Circuit Court of Appeals rule No. 11.

6. **Criminal law ⚖️1169(5)—Admission of subsequently withdrawn evidence held not ground for reversal.**

Admission of evidence *held* not ground for reversal, where withdrawn from jury by court before submission of case to jury.

---

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Dennis Camp was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

William Pfeiffer, of Oklahoma City, Okl., for plaintiff in error.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl.

Before SANBORN, Circuit Judge, and TRIEBER and MUNGER, District Judges.

SANBORN, Circuit Judge. The defendant below, Dennis Camp, was indicted, tried, convicted, and sentenced for selling on January 7, 1922, in the Eastern district of Oklahoma, to one Arthur Valley, morphine sulphate, a salt, derivative, and preparation of opium and coca leaves, in violation of the Harrison Anti-Narcotic Act (U. S. Compiled Statutes, §§ 6287g–6287q).

[1] Counsel for the defendant below assigned as error and here complains of the denial by the District Court of his motion, made at the trial after the jury box had been filled with 12 jurors, "to quash the entire panel and discharge the same," because some of the jurors in the box had heard the testimony of Josie Drake in the trial of the case of United States v. Harvey Wyncop, who was charged with and convicted of a violation of the Harrison Anti-Narcotic Act on her testimony, and had also heard the statement of Wyncop during his trial that he could not deny the statements to which she had testified, and that she had testified to the truth, and because the only testimony or evidence the United States had or would or subsequently did offer to prove the offense charged against the defendant was the testimony of this identical Josie Drake. Some of the jurors had not heard her testimony or the admission of Wyncop in the trial of his case. Those who heard it said they had no opinion as to the guilt or innocence of the defendant Camp. None of the 12 jurors in Camp's case was a member of the jury in Wyncop's case. While each of these cases involved an alleged violation of the Harrison Anti-Narcotic Act, they related to separate, distinct, and unrelated transactions, at different times by different and unrelated parties.

Among other authorities cited by counsel for the defendant in support of his position, he seems to place chief reliance upon, and we have read the opinions of the courts in, Priestly v. State, 19 Ariz. 371, 171 Pac. 137, 138, 139, 3 A. L. R. 1201, State v. Hammon, 84 Kan. 137, 140, 142, 113 Pac. 418, Temple v. State, 15 Okl. Cr. 176, 175 Pac. 733, 735, and United States v. Wilson, 28 Fed. Cas. 699, 702, No. 16,730. In these cases however we discovered that some of the jurors who tried the respective defendants had been on the respective juries and charged with the duty and responsibility of determining the truth or falsity of the testimony of the same principal witnesses in preceding cases, as well as in those against the respective defendants, and the other facts and circumstances in the cases cited by counsel for defendant differ so radically from those of the case in hand as to deprive the decisions in them of either authoritative or persuasive force in the instant case. In this case the motion was to

quash the entire panel and discharge the same. No challenge of or objection to any individual juror had been interposed. Some of the jurors in the box had heard the evidence and admission in the Wyncop case and some had not. There was, therefore, no ground whatever for quashing the panel and discharging all the jurors.

[2-4] The legal presumption would have been upon the call of Josie Drake in this case that she would testify to the truth if she had never testified in Wyncop's case. The fact that she had testified in that case, and the fact that Wyncop had admitted that she told the truth, did not change the presumption, disqualify her as a witness in the defendant's case, nor did the fact that a juror in the latter case, who had not served as such in the former case, had heard her testimony and Wyncop's admission of its truth in his case, disqualify him from hearing and adjudging the truth or falsity of her testimony in the case of this defendant. There was no error in the denial of the defendant's motion. Wilkes v. United States (C. C. A.) 291 Fed. 988, 989; Wolf v. United States (C. C. A.) 292 Fed. 673, 677, 678; State v. Williams, 31 S. C. 238, 9 S. E. 853, 860, 861.

[5, 6] The only other assignment of error urged reads:

"Because the court erred in admitting in evidence, over the objection of defendant, certain incompetent, irrelevant, and immaterial testimony which was prejudicial to the rights of this defendant."

This assignment is untenable, because it does not "quote the full substance of the evidence admitted," as required by rule 11 of this court (Lincoln Sav. Bank & Safe-Deposit Co. v. Allen, 82 Fed. 148, 149, 27 C. C. A. 87), and because the evidence to which counsel claim it refers was withdrawn from the jury by the court before it submitted the case to them for decision.

Let the judgment below be affirmed.