Chief Justice Marshall
delivered the opinion of the Court.
Finnell, Kinkead, and Winston, commissioners appointed by the Kenton Circuit Court to close the affairs of the Kentucky Trust Company Bank, under the 3d section of an act to amend the charter of said bank, approved January 2, 1852, (Session Acts, 14,) brought this action by petition against Clark, the acceptor, Robbins, the drawer, and Mack and Payson, indorsers, of a bill of exchange for $7,321 40, dated at Cincinnati, October 6, 1854, payable thirty days after date, at the Mechanics’ Bank of New York, and addressed to Clark at the New England Bank, Boston, Massachusetts. Process upon the petition was served upon Robbins and Payson alone, but Mack united with them in filing an answer sworn to by these three, and a demurrer having been sustained to each paragraph of the answer, judgment was rendered against the defendants without naming them, for $7,321 40, with interest from the 6th day of November. 1854, and for seventy-five cents, the cost of protest, together with the costs of the suit.
From this judgment Clark, with the other defendants, has appealed; and it is objected that judgment was rendered against him without service of process or appearance. But according to the decisions of this court there is no judgment against Clark —the word defendants being understood to apply to those defendants only who had either appeared or been served with process. And there is nothing in the entries made in this case to repel or weaken this construction. There is therefore no error in this respect.
The error in the judgment of giving interest from the 6th instead of the 8th of November, if it be one, might have been corrected by motion in the Circuit Court. The date of the protest exhibited with the petition is the only evidence that three days, or any other number of days of grace are allowed in New York for the payment of bills. If it was erroneous *335 to render judgment for seventy-five cents as the cost of protest, when no sum is specified in the petition, that error might have been corrected on motion, and cannot be moved in this court for the first time. But although there is a blank in the petition, as to the amount of the cost of protest, there is a claim for it, and the Court may have heard evidence on the subject.
3 An angwer t0 a? action on a bill of exchange that the defendant does tain fact, and orldoes° not °ad-that he owes the debt sued for, is not a de“j°jersu*¿ pode to put in which the defenUullu UdiVB knowledge or belief. Itisnot the denial of any allegation of fact, nor the statementof any matter constituting a defense, (Code of Prac. sec. 125, 2 and 3 clauses,) and is theretore bad on demurrer.
The material questions, however, arise on the demurrer to the answer. The first paragraph says the defendants do not owe, and ought not to pay, the amount of the bill, “for they do not admit the regular protest thereof, and notice, &c.,” as charged in the petition, and require proof, &e. This paragraph of the answer is clearly insufficient under the rule prescribed by the 2d and 3d clauses of section 125 of the Code. It neither sets forth new matter, as allowed by the 3d clause, nor contains a denial of any allegation contained in the petition, nor of any knowledge or information thereof sufficient to form a belief. That the defendants do not admit a certain fact, and call for proof, &c., is not a denial, nor sufn . i i /-H i . ,. ncient, under the Code, to put m issue a fact as to which the defendants might have knowledge or belief. The general statement that the defendants do not owe, when the petition merely states the facts from which indebtedness or liability is implied by law, is , . ' r . . no proper response to the petition, because it neither denies any allegation of fact, nor states any new matter constituting a defense. But if it were allowed to be good in analogy to the plea of nil debit or non assumpsit, it might authorize a defense to be made, in the evidence of which there was no indication in the answer. And the object of the Code is that the pleadings shall state facts, and not mere implications of law. The court, therefore, properly sustained the demurrer to the first paragraph of the answer, and for the same reasons it properly rejected the proposed amendment, which in form and substance was nothing but a plea of nil debit.
*336 The second and third paragraphs state in substance that the defendants received from the bank its own notes in purchase of the bill, and under an agreement that they were to circulate the notes in the county of Mason, in the state of Virginia; that at the time the bank, (or its officers,) knew, but the defendant did not know, that the bank was in a failing condition ; that soon afterwards, (on the 18th of October, 1854,) the bank refused payment of its notes, &c., and still refuses; that about the 19th of the same month the agents of the defendants, in the said county of Mason, then ignorant of the failure of the bank, used a specified amount, (between three and four thousand dollars,) of said notes in payment of hands in the employ of defendants. And the second paragraph states that the residue of said notes, the amount being named, were handed by them to the commissioners soon after their appointment, but refused by them, and the defendants afterwards sold them for the best price they could obtain, and got for them only about $1,300; and they claim as a set-off against their liability on the bill the difference between the sum obtained and the nominal amount of the notes sold, and also twelve per centum damages on said nominal amount, as due by the charter, on account of the refusal of the bank to pay the same. The third paragraph states that the persons to whom the notes had been paid in Mason county, Virginia, had, upon being informed of the failure of the bank, brought suit to recover their demands as if unpaid by the defendants, who, as they feared might, by the event of said suit or suits, which are still pending in Virginia, be compelled to pay said demands in good money; and they pray that proceedings in the present case maybe suspended, or judgment enjoined, until the decision of said suit or suits in Virginia, and if the decision should be against them, that the amount of said notes passed in payment in Mason county, Virginia, and also twelve per centum damages there *337 on may be set-off against the demand set up in the petition.
4. It is not a valid plea of set-off to plead to a suit by the commissionersof the Kentucky Trust Company Bank, appointed to collect the debts and pay the cred itors pro rata, that the notes received of the company were under par, and defendants suffered a loss with out a tender back of the notes,and bringing them into court.
5. Nor is it any ground for in-joining a . suit for the debt created by the loan of the notes that defendants had parted with the notes, and were sued for their nominal value,. and the suit still pending. The court could not rescind the eon-.tract without restoring the notes.
*337 The 2d paragraph, -which claims an immediate set-off for the loss on the notes sold, and for twelve per cent, damages, is fatally defective not only in failing to produce and tender the notes prayed to be set-off, or any of them, but in showing that the defendants have voluntarily parted with them for a valuable consideration, and have thus deprived themselves at once of the ability and the right to use them as a set-off. Besides, the amended charter before referred to, provides that in ease the bank should fail to pay its notes, &c., its debts shall be collected and paid pro rata to its creditors. We are not prepared to say that it would be consistent with the object and terms of this provision to allow a set-off for notes of the bank actually in the hands of its debtors, beyond the asetertained pro rata share properly distributable upon the same notes ; and it does not appear that any dividend has been made or is due, or that there has been or can now be any ascertainment of the distributable fund. But it is not necessary to decide the general question of set-off under this statute. It would be clearly inconsistent with the provision to allow twelve per centum damages on notes, even formally presented for payment to the commissioners appointed to close the concerns of the bank, by collecting and realizing its assets, and making pro rata payment of its debts. The answer, however, does not allege a demand of payment, but merely that the notes were handed to the commissioners, who refused to receive them. Thei’e was no error in deciding this paragraph to be insufficient.
The 3d paragraph, so far as it claims a future set-off, is subject to substantially the same objections as the second; and so far as it asks for an injunction until a suit in another state shall be decided in order that the defendants may know whether they will have a claim against the bank, for its notes which they have passed into other hands, in the way of *338 their business, is unreasonoble, and, as we suppose, unprecedented. The defendants have put it out of their power to rescind the contract on the ground of fraud, and if the fraud were sufficiently shown they have not shown that they were wholly without fault in circulating the notes received from the bank, and thus putting it out of their power to restore them. Nor does it appear that they might not, at their own discretion, by re-payment or otherwise, re-possess themselves of the notes paid by their agent in Virginia, and thus enable themselves to restore the notes on a rescission.
We are of opinion that the demurrer to the third paragraph was properly sustained, and no sufficient answer having been offered it was proper to render judgment against the defendants.
Wherefore the judgment is affirmed.