CITY OF MILWAUKEE v. SHAILER & SCHNIGLAU CO.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1899.)

No. 535.

APPEAL—REVIEW—QUESTIONS PRESENTED BY RECORD.

A case cannot be reviewed, on assignments of error relating to the admission or exclusion of evidence and the instructions given and refused, where the bill of exceptions does not purport to contain all the evidence, and, as is shown by references made thereto in the charge of the court, omits important testimony touching the points of controversy, though it is certified to contain all the material evidence.[1]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

[1] For necessity of including evidence in bill of exceptions, see note to Ladd v. Mining Co., 14 C. C. A. 248.

Carl Runge and C. H. Hamilton, for plaintiff in error.

James G. Flanders, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This action was brought by the Shailer & Schniglau Company, defendant in error, as the assignee of Shailer & Schniglau, to recover the value of "machinery, tools, and material comprising one tunnel plant at Milwaukee," alleged to have been converted to its own use by the city on or about the 15th day of October, 1893.

The first, second, third, and fourth specifications of error, which alone are relied upon in the brief for the plaintiff in error, have relation to the admission and exclusion of evidence and to instructions refused and given. Each specification is objectionable, because it embraces jointly more than one proposition and question, and some of them in other respects fail of compliance with rule 11 of this court (31 C. C. A. cxlvi.; 90 Fed. cxlvi.) in respect to the assignment of errors; but an insuperable obstacle to a consideration of any of the questions discussed is that the bill of exceptions does not purport to contain all the evidence in the case, and clearly does not contain all that was important touching those questions, though it is certified by the judge of the court below that it "contains all the material evidence offered by either party on the trial." The court directed a verdict in favor of the plaintiff, leaving to the jury to determine only the amount of the recovery, and, in the course of the charge, in explanation of the peremptory direction, made a number of references to evidence which is not found in the bill. For instance, it is stated that "it appears, by undisputed testimony, that after removing such of the property as they [the agents of the city] did remove to some other places, they treated the property as though it belonged to the city,—exercised dominion over it,"—and that the court held to be a conversion. We find evidence that, after notifying Shailer & Schniglau to remove their property, the agents of the city, in order to get it out of the way, and to store or protect it, removed it into sheds, or other places of storage near by, and afterwards used some of it, but not all, in the prosecution of the work on the tunnel. That any dominion over that not used was ever asserted in hostility to the rights of Shailer & Schniglau, or their assignee, we find no evidence in the record. The court, in considering which party was guilty of a breach of the contract, also commented at large upon the evidence touching the conduct of the parties in reference to the work and cessation of work, both on the shore end of the tunnel and at the crib; but the evidence referred to is not included in the bill. Much of it presumably was the same as that rehearsed in the statement of the case in City of Milwaukee v. Shailer, 55 U. S. App. 522, 28 C. C. A. 286, and 84 Fed. 106. The pleadings, judgment, and opinion of the court in that case were put in evidence in this, and are set out in the record; but, as the judgment was not pleaded as an adjudication, it can be regarded only as prima facie evidence of the facts or issues determined, and the other evidence referred to remained ma-

terial. David Bradley Mfg. Co. v. Eagle Mfg. Co., 18 U. S. App. 349, 6 C. C. A. 661, and 57 Fed. 980.

However, if the judgment could be deemed a complete estoppel on the question which party was guilty of an infraction of the contract, the plaintiff in error cannot complain that the question was taken from the jury; and, on the other hand, if, as the plaintiff in error contends, the judgment is not only not conclusive, but, in view of the ruling of this court whereby it was affirmed on another ground, is not even evidence of a breach of the contract by the city, then still more is it now essential to a review of the ruling on that question that the evidence considered by the court below should be before us. The judgment is therefore affirmed.

Judge SHOWALTER did not participate in this decision.