## SALING v. BOLANDER.

(Circuit Court of Appeals, Ninth Circuit. September 21, 1903.)

### No. 937.

1. **LIFE INSURANCE—APPLICATION FOR CHANGE OF BENEFICIARIES.**
   An application for change of beneficiaries in a life policy, merely signed by part of the beneficiaries before death of insured, can have no effect.

2. **SAME—RELINQUISHMENT OF RIGHTS—WANT OF CONSIDERATION.**
   Though it is the intention of beneficiaries in a life policy by delivery of an instrument to the administrator after death of insured to evidence relinquishment of their rights, it being without consideration, they may revoke it.

3. **PLEADING—ALLEGING INTENTION OF INSTRUMENT.**
   It will not avail one setting out an instrument, which is plainly an application by beneficiaries to change the beneficiaries, to allege that it was intended as an assignment, though such allegation is not denied.

4. **BILL OF EXCEPTIONS—EVIDENCE—PRESUMPTION ON APPEAL.**
   In the absence of proof in the bill of exceptions, that it contained all the evidence, it will be presumed on appeal that there was evidence to sustain the ruling below that execution of an assignment was authorized, the bill purporting to contain only the evidence to which any objection was taken by defendant.

5. **REPLEVIN—DAMAGES FOR DETENTION.**
   Plaintiff in replevin for life policies may recover damages for their detention after they are delivered to the marshal under the writ, defendant's continued maintenance of his defense and insistence of his right thereto preventing plaintiff from recovering of the insurance company till the end of the litigation.

6. **SAME—RATE OF INTEREST.**
   The rate of interest being lowered by statute pending a replevin suit, the successful plaintiff will recover as damages interest measured by the old rate up to the time of the change, and by the lower rate thereafter.

In Error to the Circuit Court of the United States for the District of Oregon.

This is an action in replevin, brought by the defendant in error against the plaintiff in error to recover the possession of two insurance policies issued by the Mutual Life Insurance Company of New York upon the life of Henry N. Bolander. The policies were issued in September, 1884, for $2,040 and $2,170, respectively. By their terms, upon the death of the insured the policies were payable to his wife, Anna M. Bolander, for her sole use, if living, and, if not living, to such of the children of her body as should be living at the time of her death. She died July 28, 1897, leaving surviving her eight children, who became the beneficiaries under the policies. The insured survived her death one month, and died intestate August 28, 1897. In the interval between the death of Anna M. Bolander and the death of the insured, for the purpose of surrendering the policies and obtaining

¶ 4. Exclusion of evidence from bill of exceptions, see note to Ladd v. Mining Co., 14 C. C. A. 248.

instead thereof new policies payable to Henry N. Bolander, the insured, "his executors, administrators, or assigns," a written application to the insurance company was prepared for the signatures of the children, containing a request for such change, and a covenant that all the statements made in the original application and declaration for the policies of insurance were full, complete, and true, and were to be made the basis of the contract between them and the company for the new policies solicited. Seven of the children signed this application before the death of Henry N. Bolander, but one of them did not sign it until September 16, 1897, and Henry N. Bolander never signed it. The application was not presented by the beneficiaries to the insurance company, and it was never acted upon by the company. No new policies were issued. In October, 1897, the county court of Multnomah county, Or., a court of probate, appointed the plaintiff in error administrator of the estate of Henry N. Bolander, deceased. He obtained from some of the children of Anna M. Bolander and the intestate possession of the policies, together with other papers and personal effects of the deceased, and, in opposition to the wishes of the beneficiaries, included them in his inventory of the property of the estate which he filed in the probate court, and he caused the policies to be appraised as a part of the estate. On August 28, 1898, the defendant in error, having obtained from all the other beneficiaries a transfer of their rights and interests under the policies, demanded of the plaintiff in error the possession of the policies; but the latter refused to surrender the same, contending that as administrator he was entitled to their possession and the proceeds thereof as property of the estate. The defendant in error then presented to the probate court his petition, praying for an order requiring the administrator to show cause why his inventory should not be corrected by eliminating the policies therefrom. In answer to that petition the administrator set forth the defenses that are pleaded in his answer to the action of replevin which is now before the court, and alleged the execution by the beneficiaries of the application and request to the insurance company to change the policies, and averred that the same was made with the knowledge and consent of the insurance company, and was intended for and was an assignment of all the interest of the persons who signed the same to the said Henry N. Bolander, his executors, administrators, and assigns; and that after the death of the insured the said application and request was delivered by the beneficiaries to the administrator, and that he, as such administrator, had delivered the same to the insurance company; and that after the death of the insured three of the beneficiaries, at the request of the administrator, had, by an instrument in writing, confirmed the said application so made to said insurance company, and in said instrument had directed the insurance company to pay all moneys due under said policies to the administrator. The plaintiff in error further alleged that the policies of insurance which were so originally issued on the life of Henry N. Bolander were found among his personal effects after his death, and were delivered to said administrator by some of the beneficiaries, and that the administrator had received the same in good faith as property belonging to the estate, and had listed the same in the inventory of property of said estate, and that a large number of claims had been filed against the estate, for the payment of which there was not sufficient property outside of the policies of insurance. After a hearing upon the issues so made, the probate court made an order in accordance with the prayer of the petition. The administrator appealed therefrom to the state circuit court, and that court affirmed the decree of the probate court. The defendant in error having in the meantime begun the present action in replevin, the plaintiff in error interposed thereto a plea in abatement, alleging the pendency of the said proceedings in the state courts, and alleging that the said policies were in the custody of said state courts for the purpose of administration, which purpose could not be interfered with by the said action of replevin. A demurrer to the plea was overruled, and thereupon the action in replevin was held in abeyance until the determination of the litigation in the state courts. The plaintiff in error appealed from the decree of the state circuit court to the Supreme Court of Oregon. That court reversed the decree of the lower court, and remanded the cause,

with instruction to dismiss the petition of the defendant in error in the probate court on the ground that that court was concluded by the inventory of the administrator, and had no power to order that the policies be eliminated therefrom, or to adjudicate the title thereto as between diverse claimants; the court holding that, as against the administrator, the defendant in error must litigate his right to the policies in a court of general jurisdiction. Re Bolander's Estate, 38 Or. 490, 63 Pac. 689. After that decision was rendered, issue was joined on the plea in abatement in the present action, and the plea was overruled. Thereupon the plaintiff in error answered, setting up in defense of the action the matters which constituted his defense to the petition in the probate court. A demurrer was sustained to those portions of the answer which pleaded as an affirmative defense the execution of the written application for a change of the policies, and averred that it was intended as an assignment, and that it was delivered by the beneficiaries to the plaintiff in error as administrator, and was by him delivered to the insurance company; that four of the eight heirs named were not children of the insured, but were children of Anna M. Bolander by a former husband; that claims had been filed against the estate for the payment of which there was no property outside of the policies of insurance. The ruling of the court sustaining the demurrer, and its rulings concerning the admission of testimony taken for and in behalf of the defendant in error, and the denial of the motion of plaintiff in error that the jury be instructed to return a verdict for the defendant in the action are assigned as error.

Milton W. Smith, for plaintiff in error.
Bauer & Greene, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended that the court erred in sustaining the demurrer to that portion of the answer which alleged that the written application for the change of the policies was intended as an assignment of the interests of the beneficiaries to Henry N. Bolander, his executors, administrators, and assigns, and was delivered after the death of the insured to the administrator, and was by him delivered to the insurance company. It is not alleged or claimed that the insured himself joined in the application, or that it was ever delivered to him, or that all the beneficiaries signed the same before his death. The instrument on its face is not ambiguous, and it requires no interpretation and no extraneous evidence as to its intent. It is a simple request and application for a change in beneficiaries of the policies. After the death of Bolander, the application could have no efficacy for the purpose for which it was originally intended, or for any purpose. If, indeed, it was the intention of the beneficiaries, by subsequently delivering this instrument to the administrator, to evidence their relinquishment of their rights as beneficiaries, it was an act done without consideration of any kind, and it was subject to their revocation at any time thereafter. The plaintiff in error insists that because he has pleaded, and it is not denied by the defendant in error, that the instrument was intended as an assignment, it must necessarily operate as such. But the plaintiff in error cannot impute to the instrument an intention which is not fairly deducible from its terms, and he cannot assert that an instrument which on its face is not as assignment was intended as such. The intention is found in the instrument. It is true that the intention of an instrument may, as between the

parties thereto, by virtue of an accompanying agreement, be shown to be other than its terms import. Thus a deed absolute on its face may be shown to have been intended as a mortgage. But it would not be enough in such a case for the grantor to allege that he intended that the deed should operate as a mortgage. So in this case it is of no avail for the plaintiff in error to say that this instrument, the meaning whereof is plain upon its face, was intended by those who signed it to have a meaning different from what its plain words import. It is unimportant that the defendant in error took no issue upon the averment of the answer that the written application was intended as an assignment. By failing to reply to the answer, he admitted only the facts which were well pleaded. To set forth the written instrument in the answer, and then to plead that it was intended to have a meaning different from what it purports to be, is to proffer averments which the instrument itself contradicts, and which the court will disregard. Dillon v. Barnard, 21 Wall. 437, 22 L. Ed. 673.

It is contended that the defendant in error failed to show that at the commencement of the action the interests of all the beneficiaries in both the policies had been assigned to him, and that the court erred in admitting in evidence the assignment from one of the beneficiaries, which purported to have been executed on her behalf by her attorney in fact. The power of attorney which appears in the bill of exceptions describes the policies and recites the death of the insured, and gives power to the agent and attorney in fact in these words: "For me and in my name and for my use and benefit to ask, demand, sue for, and receive of and from the said insurance company all moneys to which I am or may be entitled as one of the surviving children of said Anna M. Bolander under the policies of insurance above described, and upon receipt thereof by, or the payment thereof to, my said attorney, to make, execute, and deliver a general release or discharge for the same." We need not discuss the question whether the power thus given is sufficiently broad to sustain an assignment to the defendant in error for the purpose of collecting the amounts due under the policies, for the reason that the bill of exceptions does not purport to contain all of the evidence. It contains only the evidence offered at the trial "concerning the assignment to the plaintiff or his ownership of the insurance policies in controversy to which any objection was taken by the defendant." For aught that appears to the contrary in the bill of exceptions, other evidence may have been offered to which no objection was taken by the defendant showing the authority of the attorney in fact to execute the assignment, or showing that before the commencement of the action the beneficiary ratified the action of her attorney in fact, and that both the policies were duly assigned to the defendant in error. In the absence from the bill of exceptions of proof to the contrary, it will be presumed that such was the fact. The burden is upon the plaintiff in error to show affirmatively that the trial court erred in its ruling. City of Milwaukee v. Shailer & Schniglau Co., 91 Fed. 726, 34 C. C. A. 66; Collier v. United States, 173 U. S. 79, 82, 19 Sup. Ct. 330, 43 L. Ed. 621; United States v. Patrick, 73 Fed. 800, 20 C. C. A. 11, 18;

Lincoln Savings Bank v. Allen, 82 Fed. 148, 27 C. C. A. 87; Yates v. United States, 90 Fed. 57, 32 C. C. A. 507; Union Pacific Ry. Co. v. Harris, 63 Fed. 800, 12 C. C. A. 599.

It is assigned as error that the court entered judgment in favor of the defendant in error for the recovery of damages measured by the interest on the amount of the policies from August 28, 1898, at the rate of 8 per cent. per annum. The assignment does not specify wherein the error of the judgment entry consisted, but it is now said that it was error, first, for the reason that the policies were delivered to the marshal under the writ of replevin on July 2, 1901, and there could be no damages for their detention after that date; and, second, that the rate of interest on such demands, in the absence of an agreement between the parties, was changed by the statute of Oregon on October 14, 1898, from 8 per cent. to 6 per cent. Laws 1898, p. 15. The attention of the trial court was not directed to this alleged error.

We find no merit in the contention that there could be no damages after the date of the surrender of the policies to the marshal. The conduct of the plaintiff in error in continuing to maintain his defense and in insisting on his right, as administrator, to possess the policies, and to receive the amounts payable thereunder, operated as a barrier to the payment of the policies by the insurance company to the defendant in error until the end of the litigation.

We think, however, that the judgment should be modified by reducing the interest to 6 per cent. from the date of the change in the interest law. With that modification, the judgment of the Circuit Court is affirmed, with costs to the defendant in error.