## Northwestern Mutual Life Insurance Company v. Commonwealth.

(Decided April 22, 1915.)

### Appeal from Jefferson Circuit Court (Chancery No. 1).

1. Taxation—Proceeding by Revenue Agent to Assess Property—Pleading.—In a proceeding by a revenue agent to assess certain property of a foreign insurance company doing business in this State with a general agency in Jefferson County, facts are not stated which show the property is located in Jefferson County, or subject to taxation there.

2. Taxation—Proceeding to Assess Omitted Property.—The owner cannot be required to show cause why his alleged omitted property should not be assessed, unless the statement filed by the revenue agent shows why it should be.

TYLER BARNETT for appellant.

MATT S. HOLT for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is a proceeding begun in the Jefferson County Court by a revenue agent against the appellant, seeking the assessment of certain alleged omitted property for the tax years 1907 to 1911, inclusive. From an adverse judgment in the county court, the revenue agent appealed to the circuit court, where a judgment was rendered assessing as omitted property for each of the years named $400 cash on hand, and $12,500 cash on deposit in bank. From this judgment the life insurance company appeals. Numerous questions are raised, but it is only necessary to consider the pleading or statement filed.

It is alleged that the appellant is a foreign corporation with home office in Milwaukee, Wis., but doing business in Kentucky, with a general agency in Louisville,

and that on the 1st of September, in the years named, the appellant was the owner and in the possession of the cash and deposits above named, "and all of which on the respective dates named had a taxable situs in Jefferson County, Kentucky." It is further alleged that the cash on hand, and on deposit, "was the proceeds from local business done by the general office of said company in Louisville * * * all of said property having a local or business situs for taxation in this State and county was omitted from assessment for taxation for the years named."

The court overruled appellant's motion to require the revenue agent to make his statement more specific. The appellant then answered, but made no reference to or denial of the allegations as to the "taxable situs" of the property.

There is no other effort or attempt in the statement to locate the property. The cash may have been on hand at appellant's office in Milwaukee, or it may have been in Louisville; the deposits may have been in the Milwaukee banks, or they may have been in Louisville banks. The fact that the money was proceeds from local business would not serve to keep it in Louisville or render unlikely its transmission to Milwaukee. The only fact stated which at all connects the company with Louisville is the allegation that its principal office and place of business, and general agency, in the State of Kentucky, was in Louisville. This fact was not denied, but it would not follow that the cash on hand and deposits in bank of a foreign corporation would be in Louisville merely because it was headquarters of its State agency.

But appellee argues that the property is located by the allegation that it has a "taxable situs" in Jefferson County, and "a local or business situs for taxation in this State or county." The lower court evidently concluded that because there was no denial of these allegations, it amounted to an admission that the property was located in Jefferson County. But we find ourselves unable to concur in this view. Instead of the undenied allegations serving as facts to locate the property, they amount to nothing but conclusions of the pleader. An issue presented by such an allegation is not an issue of fact; it is a legal conclusion, and the correctness of the conclusion must depend upon facts of which the adverse

party is not notified by the pleadings.    Clark v. Finnell, 16 B. Mon., 335; Francis v. Francis, 18 B. Mon., 57.

A conclusion of law, although alleged as a fact, can not be taken as true merely because it is not denied. Newman on Pleadings and Practice, Sections 205, 207, and 406; Citizens Savings Bank v. Miller, 6 Ky. L. R., 522.

Clearly, this statement does not meet the Code requirements, that the petition must state facts constituting a cause of action.  But appellee undertakes to meet this objection by attempting to show that he has complied with the requirements of Section 4260 of the Kentucky Statutes, with reference to filing statements for assessment of omitted property.  The statute does lay down certain specifications for such a statement.  For instance, the statement must be filed in the clerk's office of the county in which the property may be liable to assessment, but the mere fact that a statement is filed in a certain county is not equivalent to an allegation that the property was there located.  The statute also requires a description of the property, and the name and residence of the owner, and the years for which the property is proposed to be assessed.  Summons is then issued against the owner ''to show cause why the property shall not be assessed.''  But to secure release against assessment of alleged omitted property it was not thereby intended to place upon the alleged owner the burden of proof.  The owner cannot be required to show cause why his alleged omitted property should not be assessed, unless the statement filed by the revenue agent shows cause why it should be.  In other words, facts should appear in the statement which, if true, would make the property subject to assessment and taxation.

We have reached the conclusion that there are no facts stated in this case which show that the property was located in Jefferson County, or subject to taxation there.

The judgment of the lower court is, therefore, reversed.