# ALASKA REPORTS

## VOLUME 6

### BENSON et al. v. PEDRO et al.

(Fourth Division. Fairbanks. January 3, 1918.)

No. 2146.

**1. Pleading** ⬦⟹8(3), 129(2)—**Legal Conclusions—Denials.**

Averments in a pleading that certain demands are not lawful, or that a proceeding was unauthorized, or without force or effect, or void, or that an act was or was not done as required by law, are mere legal conclusions, and are not admitted by failure to deny them.

**2. Pleading** ⬦⟹129(1)—**Recitals—Denials.**

Neither legal conclusions, matters of inducement, nor facts pleaded by way of recital, are admitted by failure to deny.

**3. Mortgages** ⬦⟹38(5)—**Deeds—Vendor and Purchaser.**

Deeds should not and will not be declared mortgages on mere suspicious circumstances. Before a court is warranted in declaring a deed to be something other than its plain wording imports, there must be evidence clear and convincing, and leading to that conclusion.

This is an action to foreclose labor liens of Robert Benson and five others under the provisions of chapter ,13, Session Laws 1915. The several claims amount to $2,234.50; attorney's fees are demanded in the sum of $444, and the sum of $45 is sought to be recovered for the necessary expense of preparing and recording the lien claims, making an amount of $2,723.50, together with costs. The property sought to be charged is described as:

"The whole of creek placer claim Number one (1) above Discovery on Pedro Creek, in the Fairbanks precinct, territory of Alaska; on the mining machinery situate thereon, to wit, two boilers, one engine, one hoist, and other parts connected with such machinery; all

⬦⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6 A.R.—1

shafts, tunnels and openings sunk or driven thereon; the structures and machinery beneath the surface, and all structures and superstructures on the surface; all ditches, flumes and appurtenances thereunto and used in the mining operations on said ground, as well as all mineral deposits therein contained."

Each cause of action alleges:

"III. That on the 8th day of March, 1915, the defendant Mary E. Pedro executed and delivered to the defendant J. A. Gustafson a quitclaim deed purporting to convey to said Gustafson an undivided one-half interest in and to creek placer claim No. 1 above Discovery on Pedro Creek, in the Fairbanks precinct, territory of Alaska, being the same ground upon which this plaintiff performed such mining labor, and upon which he claims a laborer's lien, which deed was duly recorded; but he avers upon information and belief that the said quitclaim deed, at and before the date of its execution and delivery, by agreement between the defendants Mary E. Pedro and J. A. Gustafson, was to be and as between them was a mortgage to secure a debt due to the defendant J. A. Gustafson from the defendant Mary E. Pedro; that on March 17, 1915, the said Mary E. Pedro executed and delivered to the defendant Peter Herkenrath what purports to be a quitclaim deed of an undivided one-half interest in and to the said mining claim, which deed was duly recorded, but the plaintiff Robert Benson on information and belief avers that the said quitclaim deed, by agreement between the grantor and grantee therein, at the time of its execution, was intended to be and as between them was in fact a mortgage to secure to the said Herkenrath a sum of money then due him from the defendant Mary E. Pedro; that shortly after the execution and delivery of the said conveyance the defendants J. A. Gustafson and Peter Herkenrath executed and delivered to the defendant Mary E. Pedro pretended leases of the said mining claim, and thereafter, and during the time this plaintiff performed mining labor as aforesaid, the defendant Mary E. Pedro pretended to work the said ground as Lessee.

"That the said mining claim is valuable, but the amount of money due and owing by the said Mary E. Pedro to the defendants J. A. Gustafson and Peter Herkenrath was and is a small sum as compared to the value of the said ground.

"That in truth and in fact said Mary E. Pedro has been during all the times herein mentioned and is now the owner of the said mining claim, and the said conveyances and leases were executed and delivered for the express purpose, on the part of the grantor and grantees and the lessors and lessee therein, of hindering, delaying, and defrauding the creditors of said Mary E. Pedro, and of cheating and defrauding this plaintiff by depriving him of the right to secure a mine laborer's lien as against the title of the said mining claim; that whether the said conveyances did in fact and in law transfer the legal and equitable title of the said mining ground from the said Mary E. Pedro to the defendants Gustafson and Herkenrath, or merely created a mortgage lien thereon, or are fraudulent and void, the

said pretended transfers are subsequent to and subject to the laborer's lien of this plaintiff.

"IV. That on the 24th day of February, 1915, the defendant Mary E. Pedro executed and delivered to the defendant John H. Groves a chattel mortgage on the two boilers and fittings and the engine and hoist described in said Exhibit A, to secure the sum of $500, payable on the 24th day of July, 1915, which said chattel mortgage was on said day duly filed for record in the office of the recorder, at Fairbanks; that no steps have been taken by the mortgagee therein to foreclose the said mortgage nor has the same been satisfied of record, but, as this plaintiff is informed and believes, the debt secured thereby has been fully paid; and that the said chattel mortgage lien has been waived and abandoned by said mortgagee, and the same is not a lien upon the said mining machinery, but, if so, is inferior and subject to the mine laborer's lien of this plaintiff."

The plaintiffs pray for judgment and decree—

"canceling of record the said deeds from Mary E. Pedro to the defendants J. A. Gustafson and Peter Herkenrath and the chattel mortgage from her to the defendant John H. Groves, and adjudging his laborer's lien a first lien as against all the defendants on the mining claim, machinery, etc., therein described, and foreclosing the same, and for all other relief to which in equity he may be entitled."

The defendant Mary E. Pedro failed to answer. The defendant John H. Groves filed an answer, and upon the trial of the cause the plaintiffs admitted the chattel mortgage of Groves to be superior to their several liens. The defendants Gustafson and Herkenrath by their answer put in issue the matters and things alleged in paragraphs III and IV of the several respective causes of action; in an affirmative defense set forth the nature of the several transactions between themselves and Mary E. Pedro, alleging good faith in the purchase of No. One above Discovery on Pedro Creek from Mary E. Pedro, the executing of valid and subsisting leases and options to her of the said premises, and the posting by them, as provided by law, of nonliability notices, disclaiming all liability for any material or labor furnished for said Mary E. Pedro while conducting mining operations on the ground.

The plaintiffs by their reply deny—

"that the deeds from Mary E. Pedro to J. A. Gustafson and Peter Herkenrath therein described were good-faith conveyances of title, executed and delivered for the purpose of liquidating existing debts as between the grantor and grantee therein, and deny that the leases and options therein referred to were made and delivered in good faith."

It will be noticed that the plaintiffs in their reply failed to deny the posting by the defendants Gustafson and Herkenrath of the nonliability notices provided 'by law. In making up the pleadings, the answer was not attacked by motion, nor was a demurrer interposed, and the case proceeded to trial, apparently on the theory that it was admitted that nonliability notices as provided by law had been posted. No testimony was offered by the defendants to establish this part of their affirmative defense.

Section 886 of the Compiled Laws of Alaska provides:

"All the forms of pleading heretofore existing in actions at law and suits in equity are abolished, and hereafter the forms of pleading in causes in law and equity in courts of record and the rules by which the sufficiency of such pleadings is to be determined shall be those prescribed by this Code."

And section 887 provides:

"The only pleadings on the part of the plaintiff shall be—
"First. The complaint;
"Second. The demurrer; or,
"Third. The reply.
"And on the part of the defendant
"First. The demurrer; or,
"Second. The answer."

Section 9 of chapter 13 of the Session Laws of 1915 provides that:

"The liens provided for in this act shall be enforced by action in the district courts of the territory having jurisdiction to enforce liens, and the pleadings, process, practice and other proceedings shall be governed by the laws of the territory regulating the mode and manner of trial of actions to secure property so as to hold it for the satisfaction of any lien against it."

Section 5 of the same act provides:

"And should said mine or mining claim be worked or mined by a lessee under a written lease or lay, or under a bond or contract of sale from the owner or executed by his authority, such lease, bond or contract must be recorded in the precinct records of the precinct wherein the mine or mining claim is situated, and the notice of nonliability aforesaid shall refer to the record of such recorded instrument."

Louis K. Pratt, of Fairbanks, for plaintiffs.

McGowan & Clark and T. A. Marquam, all of Fairbanks, for defendants.

BUNNELL, District Judge. The issue for determination on the trial of a cause are those made up by the pleadings. The contention of the defendants Gustafson and Herkenrath is that "the posting by them as provided by law, of nonliability notices disclaiming all liability for any material or labor furnished for said Mary E. Pedro while conducting mining operations on the ground," as an affirmative defense, requires on the part of the plaintiffs a denial by reply; otherwise, it stands admitted and no proof thereof is necessary, while the plaintiffs contend that the same is simply a conclusion of law, and therefore requires no denial, for a denial is only necessary where averments are properly pleaded.

It is conceded that no one has yet defined the term "conclusion of law" with such exactness and nicety that the definition will always be the true test. Text-writers have been content with stating that certain specific allegations are or are not conclusions of law. It is stated in 31 Cyc. 62, that:

"Averments that certain demands are not lawful, that a proceeding was unauthorized, without force or effect, or void, that an act *was* or *was not done* as *required by law*, etc., have been held to be mere legal conclusions."

The many cases there cited are decisive, and it must therefore be held that the allegation above quoted from the affirmative defense of Gustafson and Herkenrath is a conclusion of law.

Turning now to the necessity of denying a legal conclusion, the rule as stated in 31 Cyc. 265, is:

"But neither legal conclusions, matters of inducement, nor facts pleaded by way of recital, are admitted by failure to deny." Denver Circle Ry. Co. v. Nestor, 10 Colo. 403, 15 Pac. 714; Larsen v. Oregon R., etc., Co., 19 Or. 240, 23 Pac. 974; Schultz v. Selberg et al., 80 Or. 668, 157 Pac. 1114; Northwestern Mut. Life Ins. Co. v. Commonwealth, 164 Ky. 255, 175 S. W. 337; Bliss on Code Pleading, §§ 212-234; Saling v. Bolander, 125 Fed. 701, 60 C. C. A. 469.

The case of Saling v. Bolander above cited, an Oregon case before the Ninth Circuit Court of Appeals, was heard before Gilbert, Ross, and Morrow, Circuit Judges, and Circuit Judge Gilbert, delivering the opinion of the court, stated:

"It is unimportant that the defendant in error took no issue upon the averment of the answer that the written application was in-

tended as an assignment. By failing to reply to the answer, he admitted only the facts which were well pleaded."

It therefore follows that the court cannot find that the plaintiffs have admitted that the defendants Gustafson and Herkenrath filed on the premises nonliability notices as provided by law.

The evidence with reference to the deeds and leases and options discloses the following state of facts: On the 6th day of March, 1915, Mary E. Pedro was indebted to the defendant Gustafson in the sum of $2,717.18. As security for this indebtedness he held a mortgage on claim Number One above Discovery on Pedro Creek, subject to a prior mortgage upon an undivided one-half interest in said claim to the defendant Herkenrath. Gustafson was insisting upon payment of this indebtedness. Mrs. Pedro was without funds. The result was the execution and delivery of the following quitclaim deed:

"Quitclaim Deed. [$3.—Internal Revenue Stamps.]

"This deed, made this 6th day of March, 1915, by and between Mary E. Pedro, party of the first part, and J. A. Gustafson party of the second part, witnesseth:

"That whereas, the party of the first part herein is indebted to the party of the second part in the sum of $2,717.18, evidenced by two promissory notes, one dated October 25, 1913, for $2,250, with interest at one per cent. per month until paid, and the other dated November 3, 1913, for $1,800, with interest at one per cent. per month until paid. Said notes are secured by mortgages upon the mining claim of the party of the first part herein, know as creek claim Number One above Discovery, situate on Pedro Creek, in the Fairbanks recording precinct, Alaska, subject to a prior mortgage upon an undivided one-half interest in said claim to Peter Herkenrath; and

"Whereas, the said notes and mortgages are overdue and said party of the first part unable to pay said indebtedness, evidenced by them, but desires to liquidate the same without the said mortgages being foreclosed:

"Now, therefore, in consideration of the premises and in the satisfaction of said indebtedness, which satisfaction is hereby acknowledged by the party of the second part, and the surrender and cancellation of said notes and mortgages, which surrender and cancellation by the party of the second part is hereby acknowledged by the party of the first part, the party of the first part does by these presents grant, bargain, sell, convey and quitclaim unto the party of the second part, all and singular, an undivided one-half interest in and to said placer mining claim known as creek claim Number One above Discovery on Pedro Creek, in the Fairbanks recording precinct.

territory of Alaska, together with the improvements thereon and the appurtenances thereunto belonging.

"To have and to hold the same and the whole thereof unto the party of the second part, his heirs and assigns, forever.

"It is further specifically declared and agreed between the parties hereto that this deed is not intended as a security for said debt above mentioned, but that said debt is satisfied and liquidated, and it is the intention that this deed shall pass all the legal and equitable title of the said party of the first part to the undivided one half interest in the mining claim above described.

"In witness whereof, the party of the first part has hereunto affixed her signature the day and year first above written.

"Mary E. Pedro."

"In the presence of:
     "F. J. Cleary.
     "T. A. Marquam."

This deed was duly acknowledged before a notary public. The notes were surrendered and canceled, and the mortgage was satisfied of record. There is some testimony to the effect that Mrs. Pedro did not desire to thus satisfy her indebtedness, but that she was willing to do so providing she could lease the property for a period to expire November 1, 1916, under certain terms and conditions, with an option to purchase the same. Thereafter the lease and option to purchase was duly executed. A similar state of facts existed with reference to the deed to the defendant Herkenrath, and the lease and option to purchase, with the exception that the amount due to Herkenrath was the sum of $4,100, and the date of the several transactions was the 17th of March, 1915. The deed was filed for record two days later.

Thereafter Mrs. Pedro entered upon the premises under her lease, operated the property until about the middle of September, 1915, and quit with a loss of something over $8,000, in addition to the amount sued for herein.

As a witness for the plaintiffs, Mrs. Pedro has repudiated every act of hers that would be in any way against her own interest. Although operating the property at a loss of over $10,000 for a part of the mining season of 1915, she unhesitatingly fixes the value of the property, for the purpose of showing inadequacy of consideration, at the sum of $20,000.

It is apparent that, immediately after she occupied the premises under the leases, she conceived the scheme to, if necessity demanded, lay a foundation to have her deeds to Gus-

tafson and Herkenrath declared mortgages. Under the terms of the leases the lessors were to be given due notice of each cleanup, and were to have the privilege of attending or being represented by an agent to witness the same, and the weighing of the gold dust resulting therefrom. It appears that each party was represented by agent, and that under the directions of Mrs. Pedro the receipts, as prepared for the agents to sign for royalties under the leases, contained the words, "to apply on the mortgage of," or "to be applied on the mortgage of," Gustafson or Herkenrath, as the case might be. There is nothing to show that the agents were authorized to receive or did receive any gold dust from Mrs. Pedro, except under the provisions of the leases; nor is there anything to show that any acts of the agents in excess of their authority were ever ratified or assented to by Gustafson and Herkenrath or either of them. Such petty schemes and tricks are to be severely condemned, and should not be countenanced in a court of equity.

Deeds should not and will not be declared mortgages on mere suspicious circumstances. Before a court is warranted in declaring a deed to be something other than its plain wording imports, there must be evidence clear and convincing, and leading to that conclusion.

The debt was extinguished when the deeds were delivered, and I have no doubt that Mrs. Pedro so intended.

It is apparent that the order of foreclosure should provide that the interest of Mary E. Pedro in the property charged with the liens of the plaintiffs be first disposed of and applied in satisfaction of the costs and amounts due plaintiffs, before proceeding to a sale of the Gustafson and Herkenrath interests.

In accordance with the views expressed herein, findings of fact and conclusions of law may be prepared and submitted.