## Culton v. Couch et al.

(Decided September 24, 1929.)

WM. LEWIS for appellant.

JOHN L. DIXON and J. G. BEGLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Appellant, John M. Culton, on December 8, 1906, brought an action in equity against John Couch, his wife, Nancy, and Hyden and King, to whom Couch had sold some timber, alleging that he owned a one-half undivided interest in a tract of 587 acres, which Couch had conveyed to him on November 20, 1895, and that Couch, without his consent, had sold timber to Hyden and King from the land. He prayed a division of the land and recovery for the timber. On October 15, 1908, George W. Bramlett filed an equity action against John Couch, appellant, Culton, and the appellees the Napiers and Sizemore, setting up a judgment against the Commonwealth Land & Lumber Company, a return of "No property found" thereon, an attachment lien on the 587 acres of land obtained in 1902, and praying the enforcement of the lien. On February 13, 1909, Culton filed his answer

in this case, setting up his title to one-half the land, and praying that his title be quieted. The other defendants also filed answer. The appellees the Napiers and Sizemore made their answer a cross-petition against Culton, alleging that they owned certain tracts which conflicted with the boundary set out in the petition, and praying judgment for the boundary claimed by them. On October 3, 1909, Couch filed his answer to Culton's suit, alleging that the deed to Culton was invalid, and moved the court to consolidate the two actions. On November 5, 1909, the court ordered the two actions consolidated.

On February 15, 1911, an agreed judgment was entered in the first suit, by which the land was divided between Culton and Couch, and a certain boundary of it was adjudged to Culton, and another boundary to William Couch, the son of John Couch, and conveyances were ordered made by a commissioner. Some depositions were taken in each action. A stipulation was filed that all the proof taken in either action might be read in both. The action brought by Bramlett dragged along until February 25, 1921. A judgment was then entered, dismissing Bramlett's petition, with costs, and adjudging that the land could not be subjected to his claim. It was further adjudged that Culton's title to the land adjudged him in the agreed julgment in the other case be quieted, and that William Couch was the owner of the tract of land set apart to him in that judgment. The actions then went to sleep, practically, until January 19, 1927, when Culton filed his answer to the cross-petition of the Napiers and Sizemore, denying their title to the land claimed by them, and controverting all of the allegations of their pleadings. On March 24, 1927, a judgment was entered again dismissing Bramlett's petition, with cost, adjudging to Culton the tract of land conveyed to him under the agreed judgment, but providing that, in so far as this tract interfered with the tract claimed by appellees Napiers and Sizemore, the appellees were the owners of the land to the extent of the interference as against Culton. Culton entered a motion to set aside this judgment and to enter a judgment for him. The court overruled the motion, and he has appealed.

It is earnestly insisted for appellant that the judgment of February 25, 1921, is a final judgment in favor of Culton, and that the court was without jurisdiction to enter the judgment of March 24, 1927, as the rights of the parties had been settled by the former judgment. On

the other hand, appellees insist that the first judgment was only a judgment dismissing Bramlett's petition, without any action upon the cross-petitions of appellees the Napiers and Sizemore. In cases of ambiguity or doubt, the entire record may be considered to determine the effect of a judgment. The inquiry is not what is the abstract force of the words used in the judgment, but it is in what sense they were in fact used, and to determine this the words of the judgment may be read in connection with the pleadings and proceedings in the case. 34 C. J. 501-503; Clark v. Finnell, 16 B. Mon. 329; Hurt v. Chess, & Wymond Co. (Ky.) 111 S. W. 285.

No answer had been filed to the cross-petition of appellees the Napiers and Sizemore. These petitions, when the judgment of 1921 was entered, stood confessed as true. An issue had been made on the Bramlett branch of the case. The judgment dismissed Bramlett's petition. It adjudged Culton and Couch the land set apart to them in the agreed judgment in the suit between them. Culton and Couch recovered their costs against Bramlett, and Bramlett's heirs prayed an appeal, but the judgment in nowise disposed of the cross-petitions of the appellees the Napiers and Sizemore, or gave any relief against them. That the court and all the parties understood this to be only a judgment on the Bramlett branch of the case is shown conclusively by the fact that no effort was ever made by anybody to enforce this judgment against appellees the Napiers and Sizemore, and Culton, long after it was entered, filed his answer to their cross-petition. They continued in possession of the land without any disturbance. If the court had intended that as a judgment against them, plainly Culton was entitled to a judgment for costs against them. But no such judgment was given. It is clear, therefore, that all the parties understood the judgment of 1921 as only a judgment against Bramlett's claim, and that the title of Culton and Couch to the land was only quieted as against this claim.

It remains to determine whether the judgment of March 24, 1927, was proper. When this judgment was entered, Culton had, by his pleadings, controverted all of the allegations of the cross-petition of appellees the Napiers and Sizemore. They had filed nothing to show title in them to the land. While Ballard Napier had given his deposition, and had testified that he bought the land he claimed from John Couch, the deed from Couch is not in the record, and there is nothing to show what land he

bought, or when he bought it, except his statement that he lived on the land about 17 years, which is long after the deed from Couch to Culton. The other appellees showed no title at all, or any right to the land they claimed. The judgment is therefore palpably against the evidence, and was clearly entered under a mistake as to the condition of the record.

Appellant insists that the court should now direct judgment to be entered in favor of the appellant, but inasmuch as the action has been on the docket for nearly 20 years, and the submission was clearly based on a mistake as to the condition of the record, the court, in view of this mistake, the condition of the record, and the fact that there has been such long delay in prosecuting the case, is constrained to the opinion that substantial justice requires that the judgment should be reversed and the cause remanded, so that a final judgment may be entered, accurately defining the land that each of the parties is entitled to. The relative rights of appellant and appellees cannot be determined on the record as it now stands.

On the return of the case, appellees the Napiers and Sizemore will be allowed to file their title papers, if any they have, and will be given 60 days to take the proof. Culton will be given then 30 days to take his proof, and 10 days will be allowed for rebuttal evidence. The court, on motion of either party, will order a survey of the land, so that on final judgment the land that each of them is entitled to may be properly defined in the judgment.

Judgment reversed, and cause remanded, for further proceedings consistent herewith.