Oscar FARMER et al., Appellants,

v.

Tony CASSINELLI et al., Appellees.

Court of Appeals of Kentucky.

June 21, 1957.

---

W. M. Melton, Hazard, for appellants.

W. E. Faulkner, Hazard, for appellees.

CAMMACK, Judge.

In 1950, the appellants, Oscar Farmer and Henry Wombles, shareholders in the East Central Coal Company, acquired the remaining shares outstanding from the appellees, Tony Cassinelli, Erman Wertz and Peter Cassinelli. The appellees received in consideration a cash payment and two notes, one for $6,630.71 and one for $15,787.39, secured by a duly executed and recorded mortgage of East Central Coal Company. The mortgage was on the surface of the Company's property and the improvements thereon. The smaller note was due January 21, 1951. The larger was to be paid on the basis of 25¢ per ton on coal handled at the Company's tipple. The payments were to begin after a debt owing the Columbus Mining Company had been satisfied. By December 8, 1952, $1,000 had been paid on the first note, and $8,379.35 on the second. Thereafter the tipple was closed, and remained out of operation until this action was instituted.

In December, 1954, the appellees filed this action to collect the balance due on their notes, and to have the mortgaged property of East Central Coal Company sold and the proceeds applied to the payment of the notes. The Company made no appearance; judgment by default was entered on March 10, 1955, against the Company, and property covered by the mortgage was ordered sold by the Master Commissioner. Three days later, the Master Commissioner reported that a large Pennsylvania coal crusher, which was included in the appellees' mortgage, had been sold to Columbus Mining Company, and that a small crusher taken in exchange was missing. There was missing also a 10,000 gallon oil tank, covered by the mortgage.

On March 25, 1955, the appellees moved the trial court for a rule requiring East Central Coal Company, its two officers, Farmer and Wombles, and Lewis Hopper, agent for Columbus Mining Company, to show cause why the Pennsylvania crusher and the tank covered by the order of sale should not be produced for sale; or in the alternative, why their value should not be accounted for. After consideration of the depositions filed by the opposing parties, the trial court sustained the motion for the rule, and ordered East Central Coal Company and Oscar Farmer to deliver to the Master Commissioner the Pennsylvania crusher and the tank, or $4,750, the value placed on them by the parties. Wombles was ordered to deliver the small crusher, the proceeds of the sale of which were to be credited to Farmer and East Central Coal Company. From the order sustaining the motion for a rule to show cause, Wombles and Farmer are appealing.

It is argued first that the appellees cannot be heard to complain of the sale of the Pennsylvania crusher because consent of the mortgagees was given through Tony Cassinelli. In his deposition Cassinelli denied giving permission to sell the crusher, and his statement was supported

by Wombles. There was ample evidence from which the trial judge could conclude that the sale was unauthorized by the mortgagees, and we are not disposed to disturb that finding.

The motion for a rule to show cause was made pursuant to CR 67.02, which states in part:

> "When it is admitted by the pleading or examination of a party that he has in his possession or control any money or other thing capable of delivery which, being the subject of the litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court or delivered to such other party, with or without security, subject to further direction. If such order be disobeyed, the court may punish the disobedience as a contempt * * *."

The appellants contend that, since the Pennsylvania crusher and the tank were shown to have been sold, it was impossible for Farmer to comply with the order. This argument overlooks the fact that the trial judge could have believed the deposition of Wombles and disbelieved that of Farmer concerning the disposition of the tank. Wombles stated that the tank, although in the possession of another, was still owned by Farmer, and subject to his control. He testified also that he (Wombles) was in possession of the small crusher. Furthermore, even though it was shown clearly that Columbus Mining Company had purchased the Pennsylvania crusher, Farmer was given the alternative of depositing in court its value as determined by the trial judge.

■ Under the provisions of KRS 382.350, Farmer was liable to his mortgagees, after a sale of the mortgaged property without their written consent, for its return or for the reasonable market value at the time of removal. Farmer made no showing that he was unable to comply with the alternative requirement of producing the value of the crusher, nor did Wombles show that he was unable to produce the small crusher. In the absence of such showings, we find no merit in their contention that they are threatened with imprisonment for debt in violation of Section 18 of our Constitution.

■■ It is argued finally that under the judgment of 1955 the order was unwarranted. Liens were adjudged against property described as "The surface only of the following described tracts * * *," while the order compelled Farmer and Wombles to produce the improvements thereon. A judgment must be construed as a whole, so as to effectuate the intent and purpose of the court. Deboe v. Brown, 231 Ky. 682, 22 S.W.2d 111; Toms v. Holmes, 294 Ky. 233, 171 S.W.2d 245. If a satisfactory interpretation cannot be determined from the judgment itself, the entire record may be looked to for the purpose of interpretation. Culton v. Couch, 230 Ky. 586, 20 S.W.2d 451. In determining whether the improvements were intended to be included in the judgment, we have as aids to its interpretation not only the order issued subsequent to the date of the entry of the judgment, but also the mortgage itself, which was embodied in the judgment. The mortgage was upon "The surface only of the following described tracts of land, together with the improvements thereon * * *." We think that, when considered with the order and the provisions of the mortgage which were copied erroneously in the judgment, the meaning of the quoted portion of the judgment is clear. The order of sale applied to the surface of the property together with the improvements located on it.

Judgment affirmed.