**In re Jerome W. MILNER and Sandra S. Milner d/b/a Milner Electric Service, Debtors.**

**Bankruptcy No. 94–20859.**

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

July 26, 1995.

Michael L. Baker, Covington, KY, for debtors.

Dennis R. Williams, Covington, KY, for Fifth Third Bank.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the Objection to Claim filed herein by the debtors on March 29, 1995. They object to the secured claim of creditor Fifth Third Bank ("Fifth Third"). Fifth Third filed a Response to Objection on April 17, 1995, and the parties filed Stipulations on May 19, 1995. An Order submitting the matter for decision was entered on June 13, 1995.

The Stipulations entered into by the parties provide as follows:

1. This Court has jurisdiction to adjudicate this matter; said matter is a core proceeding arising under 28 U.S.C. § 157.

2. The Fifth Third Bank was granted a security interest by the Debtors in their accounts receivable and other collateral, including a second mortgage on the residence. The Bank's lien was properly recorded in the Campbell County Clerk's office and is of record as File No. 194379. Another UCC was filed on July 2, 1991. These filings are attached as Joint Exhibits A. The Debtors also granted the Bank a security interest in their accounts receivable by note and security agreement dated August 9, 1993.

3. A foreclosure action was commenced in 1993; a Judgment and Order of Sale was entered July 6, 1994. A copy of said Order is attached as Joint Exhibit B.

4. The Bankruptcy was filed on August 8, 1994.

5. An Agreed Order lifting the Stay was entered.

6. The Debtors turned over to the Trustee the sum of $5,088.00 in accounts receivable.

7. The issue of whether the accounts receivable are contained within the Judgnet and Ordr of Sale (sic) is one issue before the Court.

8. The Bank has liquidated all other collateral; the sum due the Bank from its original Judgment is in excess of the sums held by James Nolan, Trustee.

The Judgment and Order of Sale to which the parties refer recited in part that Fifth Third had "... a valid lien against Jerome W. Milner and/or Sandra Milner by virtue of a lien against all of the equipment, inventory, and machinery of the primary defendants, Jerome W. Milner and Sandra Sue Milner, pursuant to a 'Financing Statement and Security Agreement' which they executed on January 7, 1991, in favor of the defendant, Fifth Third Bank ..." The debtors maintain in their Objection that because the foregoing language does not include a reference to their accounts receivable, the lien on the accounts receivable has been waived. They argue in the alternative that Fifth Third has waived its claim under the doctrine of election of remedies.

Fifth Third responds that the Judgment and Order of Sale refers to the Financing Statement and Security Agreement executed on January 7, 1991, and therefore incorporates it into the Judgment. In addition, Fifth Third states that there is no evidence that it intended to waive its rights in and to the accounts receivable. Fifth Third further responds that the doctrine of election of remedies is not applicable herein. It cites *Reliance Insurance Co. v. Com. Dept. of Transp.*, 576 S.W.2d 231, 237, Ky. (1978) in support of its position on this point.

The debtors, however, abandon their election of remedies theory in their Memorandum in Support of Debtor's (sic) Objection. There they argue that the question before the Court is issue preclusion, which they characterize as either res judicata or collateral estoppel. Strictly speaking, issue preclusion refers to collateral estoppel and not res judicata. In any event, the debtors take the position that because the Judgment does not refer to the debtors' accounts receivable, Fifth Third is precluded from asserting its lien thereon.

The debtors cite several cases which stand for the proposition that res judicata occurs when identical facts and issues as between identical parties have been decided on the merits in a previous case; that res judicata prevents relitigation of issues that could have been raised, as well as those that were raised; and that federal courts must give state court judgments preclusive effect. They state that the Judgment was based on the same financing statement upon which Fifth Third relies now, and that Fifth Third's relief under that financing statement was defined by the language of the Judgment to exclude accounts receivable.

Fifth Third takes the position that the lack of a specific reference to accounts receivable in the Judgment does not destroy its lien thereon, and that in fact the accounts receivable are included in the Judgment because it incorporates the Financing Statement and Security Agreement. This Court agrees that there is a degree of uncertainty as to the relief afforded Fifth Third in the Judgment, and that the issue to be determined here is the construction and interpretation of the Judgment.

Cases cited by Fifth Third including *Oglesby v. Prudential Ins. Co. of America*, 259 Ky. 620, 82 S.W.2d 824, 826 (1935), *Toms v. Holmes*, 294 Ky. 233, 171 S.W.2d 245, 247 (1943), and *Board of Ed. of Campbellsville Ind. S.D. v. Faulkner*, 433 S.W.2d 853, 855, Ky. (1968) all support its argument that judgments are open to construction and that the record may be consulted for the purpose of obtaining certainty of judgment.

In addition, in *Farmer v. Cassinelli*, 303 S.W.2d 555, Ky. (1957), the court was confronted with a judgment, as here, that left out certain language. The court said:

It is argued finally that under the judgment of 1955 the order was unwarranted.

Liens were adjudged against property described as 'The surface only of the following described tracts * * *,' while the order compelled [appellants] to produce the improvements thereon. A judgment must be construed as a whole, so as to effectuate the intent and purpose of the court. *Deboe v. Brown*, 231 Ky. 682, 22 S.W.2d 111 [ (1929) ]; *Toms v. Holmes*, 294 Ky. 233, 171 S.W.2d 245 [ (1943) ]. If a satisfactory interpretation cannot be determined from the judgment itself, the entire record may be looked to for the purpose of interpretation. *Culton v. Couch*, 230 Ky. 586, 20 S.W.2d 451 [ (1929) ]. In determining whether the improvements were intended to be included in the judgment, we have as aids to its interpretation not only the order issued subsequent to the date of entry of the judgment, but also the mortgage itself, which was embodied in the judgment. The mortgage was upon 'The surface only of the following described tracts of land, together with the improvements thereon * * *.'

At page 557. The *Farmer* court concluded that the meaning of the judgment was that the order of sale applied to the surface of the property and the improvements on it.

This Court concludes that the Judgment entered in the state foreclosure action is susceptible of the same analysis. The January 1991 Financing Statement and Security Agreement are embodied in the Judgment, as the mortgage was embodied in the judgment in *Farmer*. The debtors admit that Fifth Third had a lien on their accounts receivable by virtue of that Financing Statement and Security Agreement. The accounts receivable are included in the Judgment, and Fifth Third has a secured claim thereon.

An order in conformity with this opinion will be entered separately.